LITTLE RED RIVER LEVEE DISTRICT No. 2, WHITE COUNTY v. MOORE.

4-5775 137 S. W. 2d 234

Opinion delivered February 12, 1940.

*Culbert L. Pearce,* for appellant.

*J. H. Moody* and *Harry Neelly,* for appellee.

SMITH, J. The contracts out of which this litigation arose are sufficiently recited in the opinion on the former appeal. *Little Red River Levee District No. 2 v. Moore,* 197 Ark. 945, 126 S. W. 2d 605.

The contracts were construed in the former opinion, and their specific performance was decreed, and the cause was remanded with the following directions: "The decree is reversed and the cause remanded, with directions to allow Moore and Bailey, or either of them, six months from the date of this opinion in which to pay the tax equivalents on so much of the land as was subject to the holdover privilege of the contract. It is so ordered."

The contracts were made exhibits to the complaint first filed in this cause, and it was alleged that the plaintiffs were entitled to the relief prayed under the provisions thereof. Separate demurrers were filed by

the respective defendants, that of the defendant Bailey being upon the ground "That the said complaint does not state facts sufficient to constitute a cause of action against the defendant." The demurrers were sustained, and the plaintiffs stood on their complaint, which was dismissed.

We reversed that decree, and declared the respective rights and liabilities of the parties under the contracts, and remanded the cause with the directions above quoted.

Upon the remand of the cause Bailey filed an answer, in which he prayed reformation of the contract under which he had purchased the oak timber. He alleged that whereas Moore & Denton had purchased all the timber under a contract which required them to cut and remove it within five years, one-fifth each year, and to surrender the fifth each year upon which the timber had been cut, or to pay the taxes if an extension of time were required, he had purchased the oak timber under a contract which gave him the right, without conditions, to cut and remove the oak timber within five years of the date of the release of lien to him for the oak timber. He filed a cross-complaint against his co-defendants, Moore & Denton, in which he prayed that, in the event he should be required to pay any taxes or costs by reason of this suit, he have and recover of and from said Moore & Denton any sum he should be required to pay, under and by virtue of their warranty deed to him.

The opinion on the former appeal was treated, upon the remand, as being decisive of the rights and liabilities of Moore & Denton, and as to them it was ordered that they surrender to the plaintiffs three-fifths of the land, as three of the five years allowed for cutting and removing the timber had then expired. But as to Bailey it was decreed that the instrument referred to as "Release of Lien" be reformed so as to give him five full years from the date of said instrument in which to cut and remove the oak timber.

In support of the prayer for this relief testimony was offered to the effect that it was understood between

Bailey and the secretary of both improvement districts that he should have five years in which to cut and remove the oak timber, and that it was virtually understood that the contract gave that right, as it was, in fact, intended to do.

The three persons who are commissioners of the drainage district are the directors of the levee district, and both districts have the same officers. Each district claimed the lands on which the timber was sold under forfeitures and sales to the respective districts for the nonpayment of the improvement district taxes due them respectively. How they proposed to divide the proceeds of the sale of the timber is not disclosed.

The testimony is sufficient to support the finding that the secretary of both districts had agreed that appellee should have five full years for the removal of the oak timber, although the secretary denied that fact. However, there was no testimony to the effect that either of the other two members of either of the two boards had made any agreement which the contract did not express. The contract must, therefore, stand as written, and, as written, it was construed in the former opinion.

We said in the former opinion that plaintiffs had released their claim for unpaid purchase money against the oak timber and that "Thereafter the districts could enforce payment of unpaid purchase money due by Moore only against the timber other than oak. But the oak had been purchased by Bailey '. . . with all the rights and privileges granted unto the said G. D. Moore in the original contract of sale and purchase.' "

The opinion then asks the question, "What were these rights and privileges?" The opinion answers this question by saying: "They included the right to cut and remove the timber within five years—one-fifth each year—and the land from which such one-fifth was annually cut should be surrendered to the districts. Additional cutting time was provided for, but this extension could be secured only by paying 'the state and county taxes due' on the lands which otherwise would have

reverted. No extensions beyond these times were given Bailey. The districts had only released, as against the oak timber, the right to enforce payment of the balance due on purchase price of all the timber. While the oak was fully paid for, the right to cut and remove it was referable to Moore's contract.''

It appears, therefore, to have been definitely decided in the former opinion that while Bailey acquired the oak timber free from any claim against such timber for any part of the unpaid purchase money, the restrictions as to time for cutting and removing the oak timber had not been changed or removed. The directions of the decree here appealed from were correct in ordering Moore & Denton to surrender three-fifths of the land, inasmuch as three of the five years allowed for the removal of the timber had then expired, but, for the reasons herein stated, that direction should not have excluded the oak timber. Three-fifths of all the land should have been ordered surrendered, as the taxes have not been paid.

In the former appeal no question was raised that the contracts made exhibits to the complaint did not reflect the actual contract between the parties. That question could have been raised, but was not. Indeed, the demurrers confessed that the contracts made exhibits to the complaint were the contracts between the parties. The insistence then was that plaintiffs were asking a relief to which the contracts made exhibits to the complaint did not entitle them. When it had been held that plaintiffs were entitled to the relief prayed under the contracts, which the demurrers confessed to be true, an answer was filed, after remand of the cause, in which it was alleged that the contracts, made exhibits to the complaint, did not express the true contract between the parties, and its reformation was prayed. The prayer to reform the contract comes too late. Litigation would be interminable if a party were allowed to present his defenses piecemeal, or, failing in one defense, to then interpose another. One may not change his hold in this manner. *Luttrell* v. *Reynolds*, 63 Ark. 254, 37

S. W. 1051; *Felker* v. *McKee,* 154 Ark. 106, 241 S. W. 378; *Hollingsworth* v. *McAndrews,* 79 Ark. 193, 95 S. W. 485; 5 C. J. S., p. 1526, Chapter, Appeal & Error.

The decree here appealed from will, therefore, be reversed and the cause will be remanded, with directions to enter the same decree in regard to the oak timber as was entered in regard to the other timber. Bailey may, of course, prosecute his cross-complaint against Moore & Denton to obtain any relief against them to which he may be entitled.

The decree will, therefore, be reversed and the cause remanded with directions to enter a decree conforming to the views here expressed.