## METZGER v. HOSSACK.

### No. 13596.

Circuit Court of Appeals, Eighth Circuit.

Jan. 8, 1948.

Rehearing Denied Feb. 5, 1948.

Writ of Certiorari Denied March 29, 1948.

See 68 S.Ct. 745.

George J. Danforth, of Sioux Falls, S. D. (G. J. Danforth, Jr., of Sioux Falls, S. D., on the brief), for appellant.

Holton Davenport, of Sioux Falls, S. D. (Ellsworth E. Evans and Louis R. Hurwitz, both of Sioux Falls, S. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

WOODROUGH, Circuit Judge.

James W. Hancer was burned to death in a fire which occurred in a motion picture theater in Gregory, South Dakota, where he was employed as the operator of projection machines. This action against Roy C. Metzger, the owner of the theater, for damages for Hancer's death was brought by the appellee as administratrix of Hancer's estate. Jurisdiction of the Federal court is based upon diversity of citizenship.

The case has been tried three times. On the first trial the District Court concluded that there was insufficient evidence of negligence attributable to the theater owner proximately contributing to the death to justify submission to the jury and instructed for defendant. The plaintiff appealed from the consequent judgment of dismissal and the case was very fully argued and briefed in this court. The plaintiff's claim was that the conduct of a certain Harry Ritter amounted to negligence proximately causing the fire and the death and that the defendant was liable for such negligence under the doctrine of respondeat superior, and we held: "Whether Ritter was an employee

for whose negligence, if any, the appellee was responsible was clearly for the jury." We also held that "the question of the proximate cause of Hancer's death was for the jury" and that "the question of whether Ritter was guilty of negligence which was the proximate cause of Hancer's death was likewise for the jury." We reversed the judgment of dismissal and remanded the case for further proceedings. 8 Cir., 156 F.2d 501, 506. Thereafter the case was again tried and the jury returned a verdict for the plaintiff. That verdict was set aside and a new trial granted. On the new trial the jury returned a verdict for the plaintiff in the sum of $8,500 and costs and this appeal is taken by the defendant in the action to reverse that judgment.

■ The great importance of the case to the parties rather than its difficulties in respect to questions of fact or law involved has resulted in very extended record and briefs on this appeal. These have compelled careful reconsideration of the record and briefs which were before us on the first appeal, the result of which is that we are not convinced that our former decision was clearly erroneous or unsound, or that it worked injustice to the parties. Accordingly our first decision is treated here as the law of the case controlling in all matters this court decided.

The appellant now complains concerning the third trial of (1) rulings of the court upon the admission and the exclusion of evidence; (2) a statement made by the court claimed to have been prejudicial; (3) the refusal to give two certain instructions requested by it, and (4) of the refusals to take the case from the jury or to enter judgment notwithstanding the verdict for insufficiency of the evidence. No exceptions were taken to the instructions given by the court.

■ (1) The rulings during the trial have been carefully considered and no error is found in the action of the court in receiving or its action in excluding the proffered testimony referred to by appellant.

(2) The comment of the court complained of was of no consequence but justified. (3) The two instructions requested and not given were either adequately covered by the instructions given by the court or improper. There was no error in refusing to give them. (4) The questions now raised as to the submission of the case to the jury and entering judgment on the verdict have required careful comparison with the proceedings considered by us on the former appeal. Such consideration has convinced that the evidence on the third trial presented substantially the same issues upon which we rendered decision in the former appeal.

The same witnesses testified on both trials and the testimony of the additional witnesses called on the last trial did not effect any substantial change in the issues which we decided should be determined by the jury. The instructions given by the court on the last trial were prepared with the utmost care to cover all elements of the controversy and the issues to be determined by the jury and were in all respects in accord with the decision of this court to the extent as stated that no exception was taken to any that was given. Those requested and refused were not compatible with our decision.

■ Being satisfied that the last trial did not present any substantially different case from that fully considered and decided on the first appeal, we find no good purpose to be served by repetition of discussion of the considerations upon which we concluded on that appeal, and now hold on this one, that it was for the jury to determine whether Ritter was an employee for whose negligence the appellee was responsible and whether Ritter was guilty of negligence which was the proximate cause of Hancer's death. Our decision that the determination of those issues by the jury in favor of the plaintiff upon a proper trial and under proper instructions would justify judgment for plaintiff is conclusive and dispositive of the case.

The judgment is affirmed.