Thomas D. RACE d/b/a Race Carpet and Vinyl *v.*
NATIONAL CASHFLOW SYSTEMS, INC., d/b/a
Timepay Consumer Financial Services

CA 89-281                                        783 S.W.2d 370

Court of Appeals of Arkansas
Division I
Opinion delivered February 7, 1990
[Rehearing denied March 14, 1990.]

---

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Peel and Eddy*, by: *James S. Dunham*, for appellee.

GEORGE K. CRACRAFT, Judge. Thomas Race appeals from a judgment entered in Pope County Circuit Court, contending that the case should be reversed due to the court's abuse of discretion in the jury selection process. We disagree.

This was an action brought by appellee, National Cashflow Systems, Inc., to collect a debt allegedly owed to them by appellant. The complaint alleged that appellant had entered into an installment sale financing contract with appellee in which appellee agreed to finance appellant's sales and appellant agreed to guarantee all such financing contracts by repurchasing or replacing any contract in default. It further alleged that a sale made by appellant and financed by appellee was in default, and appellee sought judgment for the indebtedness.

On the day of trial, prior to the selection of the jury, counsel for appellee informed the court that there were five persons on the jury list who had outstanding, delinquent accounts with appellee and that within the last four months appellee had taken action against some of them, one of whom had subsequently filed bankruptcy. The court, at the request of appellee and over appellant's objection, ordered that those names be removed from the list of potential jurors. The judge announced that he was excusing these prospective jurors because he did not want to subject them to the embarassment of having to admit in open

court that they were delinquent debtors, actively pursued by creditors. At the court's direction, none of the five persons excused were told that their names were removed and they remained seated with the panel. During voir dire, the panel was asked whether any of them were involved with appellee or its representatives. Only one person, who was not one of the five previously excused, answered affirmatively.

Later, outside the presence of the jury, appellant was permitted to make a record of his objection and a representative of appellee testified to those facts regarding the excused jurors as previously recited to the court. Eighteen names were then drawn from the reduced panel and each party was permitted to exercise three peremptory challenges. The jury returned a verdict in favor of appellee.

Arkansas Code Annotated § 16-31-103 (1987) provides that the trial court may excuse any person from serving as a petit juror when, in the opinion of the court, there is any reason why his interests, or those of the public, will be materially injured by his attendance. The exercise of that authority rests within the sound discretion of the trial court, and it may be, and often is, exercised without affording trial counsel the right to voir dire the juror where there is no deliberate exclusion of a large class of eligible jurors. *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182 (1981); *Miller* v. *State*, 269 Ark. 341, 605 S.W.2d 430 (1980).

In his sole point for reversal, appellant contends that the trial court erred in excluding the five prospective jurors. Appellant advances several arguments why the court should not have excused jurors on the morning of trial at the request of one litigant over the objection of another, and argues that to do so under these circumstances was an abuse of discretion and prejudicial error warranting reversal. We do not address these arguments because, if there was error in the court's action, we cannot conclude that it was prejudicial. Appellant has not demonstrated that the court's action excluded a large class of potential jurors, that the remaining jurors were not representative of the community, or that the jurors selected to try the case were other than fair and impartial.

Prejudice is not presumed simply because error might have occurred. The basic issue we decide is not whether we approve or disapprove of the procedure followed in the jury

selection, but whether there was prejudicial error. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984). We find none.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.