Thomas D. RACE, d/b/a Race Carpet *v.* NATIONAL CASHFLOW SYSTEMS, INC., d/b/a Timepay Consumer Financial Services

CA 90-338                                        810 S.W.2d 46

Court of Appeals of Arkansas
Division I
Opinion delivered May 22, 1991

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Peel and Eddy*, by: *James Dunham*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the order of the trial court made after an appeal to this court, granting appellee's motion for additional attorney fees. Neither party has suggested this matter should be decided by the Arkansas Supreme Court. We decide the case as we think it involves the application of statutes and settled court decisions.

Appellee National Cashflow Systems brought an action in circuit court to collect a debt alleged to be owed by the appellant Thomas Race. Appellee obtained judgment against appellant for the debt and was awarded $667.50 for attorney fees. Appellant filed an appeal and we affirmed the judgment of the trial court. *See Race* v. *National Cashflow Systems, Inc.*, 30 Ark. App. 116, 783 S.W.2d 370 (1990). Our mandate awarded the appellee $75.00 as costs in this court on appeal.

The mandate was filed in the trial court on March 15, 1990, and on March 22, 1990, the trial court entered an order directing

its clerk to deliver to the appellee "all monies" held as a supersedeas bond.

On March 29, 1990, appellee filed a petition in the trial court for "an additional award of attorney's fees for the appeal and the subsequent collection of the supersedeas bond in this case." And on April 13, 1990, the trial court awarded appellee an additional attorney fee in the sum of $727.50.

On appeal, the appellant contends the trial court erred in awarding attorney fees following the appeal because it was without authority to reopen the case and enter a new judgment for additional attorney fees. Appellant argues the costs awarded appellee in the mandate were paid and contends there was no authority for an award of attorney fees after the appeal.

In response, appellee contends that Ark. Code Ann. § 16-22-308 (Supp. 1989) provides the authority "for a trial court to award attorney fees to a litigant for legal expenses incurred before an appellate court." That section provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

In a reply brief, appellant argues even if that section provides for attorney fees upon appeal, they should be requested in the appellate court.

In *Buchanan v. Parham*, 95 Ark. 81, 128 S.W. 563 (1910), the Arkansas Supreme Court reversed the judgment of the circuit court which awarded costs to the appellant. That case arose out of an election contest which was decided in *Williams v. Buchanan*, 86 Ark. 259, 110 S.W. 1024 (1908). Buchanan was the contestant and judgment in his favor was entered in circuit court. Our supreme court affirmed that part of the judgment which declared Buchanan to have been elected but reversed the judgment on other matters and rendered judgment in favor of Williams for

costs of appeal. After rendition of the judgment in the supreme court, Buchanan filed a motion in circuit court to tax costs against Williams. The trial court rendered judgment in favor of Buchanan against Williams for the amount of costs. The supreme court stated the courts have no authority to give judgment for costs in contested election cases unless authorized by statute and held the judgment of circuit court awarding costs to Buchanan was void. The court stated:

> This court rendered judgment against Buchanan for the costs of the appeal. The circuit court had no power to tax the costs of the appeal, or to enforce the judgment of this court against Buchanan. Parham's remedy for the collection of his fee for making the transcript, which constituted a part of the costs of the appeal adjudged against Buchanan, is by enforcement of the judgment of this court. The judgment against Buchanan inured to his benefit, to the extent of the unpaid balance due him for making the transcript. He can apply here for taxation of his unpaid costs, or, if the same has already been taxed, he can apply to the clerk for a fee bill, which has the force and effect of an execution against the goods and chattels of the party against whom the costs were adjudged.

95 Ark. at 85.

Turning to the instant case, we have held that Ark. Code Ann. § 16-22-308 provides the authority for an award of attorney fees on appeal and that this court has the authority under the statute to award attorney fees to the prevailing party for services of his attorney on appeal. *ERC Mortgage Group, Inc.* v. *Luper*, 33 Ark. App. 9, 799 S.W.2d 571 (1990).

It has also been held that the appellate court can direct the trial court upon remand to award an additional amount for the services of the appellant's attorney in the appellate court. *Fitzgerald* v. *Investors Preferred Life Ins. Co.*, 258 Ark. 966, 530 S.W.2d 195 (1975).

And, in *Hogue* v. *Hogue*, 250 Ark. 102, 464 S.W.2d 67 (1971), the Arkansas Supreme Court said that where it had used its judicial discretion by deciding that liability for costs should be borne equally by both parties, the determination of the exact

amount might properly be left to the trial court.

In *Hogue*, the judgment and mandate of the supreme court directed the cost of appeal be divided equally between the two parties. The cost statement attached to the mandate recited total costs of $291.50 which included a transcript or record fee of $71.50. There was no charge for the reporter's transcription of the testimony because that item was not shown in the original record. Upon receipt of the mandate, the trial court entered a new decree conforming to the court's opinion. Appellees filed a motion to set aside that decree and to permit them to show their actual costs. After a hearing, the trial court vacated its second decree and entered a third decree dividing equally the actual costs of $1,174.50. The supreme court affirmed the trial court's retaxing of costs noting that it is not unusual for an appellate record to omit one or more items of costs and that the correction of such an omission is usually a ministerial matter involving merely a certification by the clerk of the trial court of the true amount of the costs, and upon that certification the appellate court clerk issues a new statement of costs to replace the one that first accompanied the mandate. The supreme court stated that although a different corrective process had been followed in that case, the right result was reached and the action of the trial court was affirmed.

■ Thus, in the instant case where the additional award of costs on appeal was not awarded at the direction of the appellate court, was not of a ministerial nature, and was for the services of the prevailing party's attorney on appeal, we hold that the trial court was without authority to award attorney fees following the appeal.

There is also another reason for our holding. The mandate issued in this case simply affirmed the judgment of the circuit court and awarded $75.00 costs on appeal. There was nothing further for the trial court to do.

In the early case of *Fortenberry* v. *Frazier*, 5 Ark. 200 (1843), the court stated:

> Appellate power is exercised by the Supreme Court over the proceedings of inferior courts—not by the latter on those of the former. The Supreme Court, except where

bills of review, in cases of equity, and writs in the nature of a writ of error *coram nobis*, in suits at law, may be prosecuted, possesses no power to review, revise, or reform its adjudications and opinions after the expiration of the term in which they are pronounced and recorded, unless they are suspended by an order made at that term; and they irrevocably conclude the rights of the parties thereby adjudicated. Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot [vary] it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court.

5 Ark. at 202.

*Fortenberry* was cited in *Watkins* v. *Acker*, 195 Ark. 203, 111 S.W.2d 458 (1937), where the supreme court stated that whatever is before it and disposed of must be considered as settled and the lower court must carry that judgment into execution according to the mandate of the appellate court.

For the reasons stated above, the judgment of the trial court is reversed.

CRACRAFT, C.J., and ROGERS, J., agree.