NATIONAL CASHFLOW SYSTEMS, INC., d/b/a
Timepay Consumer Financial Services v. Thomas RACE,
d/b/a Race Carpet & Vinyl

91-145                                           817 S.W.2d 876

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*Peel and Eddy*, by: *James Dunham*, for appellee.

*Young & Finley*, by: *Dale W. Finley*, for appellant.

■ DAVID NEWBERN, Justice. The question we must decide is whether a trial court may award an attorney's fee for services performed by an attorney on appeal after the case in which the fee is sought has been returned to the trial court by a mandate which does not order the fee. We hold a trial court has no such authority.

The petitioner, National Cashflow Systems, Inc. (National), prevailed in an action to collect a debt owed by the respondent, Thomas Race. Included in the judgment was an award for an attorney's fee in the sum of $667.50. Race appealed the judgment to the Court of Appeals which affirmed. The mandate of the Court of Appeals awarded an additional $75.00 to National as costs incurred in the appeal. That mandate was filed in the Trial Court which ordered the clerk to pay over to National all monies held as a supersedeas bond in satisfaction of the judgment and costs awarded by the Court of Appeals.

National then filed a petition in the Trial Court seeking an attorney's fee for services rendered by its attorney on appeal and in collecting the bond. The Trial Court ordered payment of the additional fee. Race appealed from that decision and successfully argued to the Court of Appeals that the Trial Court was without authority to reopen the case for a new judgment granting the additional fees. National argued that Ark. Code Ann. § 16-22-308 (Supp. 1991) provided authority for the new judgment.

The Court of Appeals concluded that where the additional award of costs on appeal is not at the direction of an appellate court, nor a mere ministerial act of a trial court following an appellate mandate, a trial court is without authority to award additional attorney's fees following an appeal. *Race* v. *Nat'l Cashflow Sys., Inc.*, 34 Ark. App. 261, 810 S.W.2d 46 (1991).

National sought review, arguing that the Court of Appeals decision did not correctly interpret the statute and was incorrect in relying on decisions rendered prior to the enactment of the statute. We granted review permitting the parties to file supplemental briefs. The Court of Appeals decision is affirmed.

National argues the matter is solely one of statutory interpretation and asserts that the Court of Appeals failed to "ascer-

tain and give effect to the intention of the legislature." *Vandiver* v. *Washington County*, 274 Ark. 561, 628 S.W.2d 1 (1982). The statute in question provides:

> Attorney's fee in certain civil actions.
>
> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

National asserts the General Assembly intended that a trial court make all attorney's fee awards because the term "court," as used in the statute, refers to the court in which the "civil action" is pending and that means the court which conducts hearings, makes rulings on testimony and ordinarily exercises discretion. The Court of Appeals declined that interpretation, and so do we.

The conclusion that the Trial Court was without authority to reopen the case following issuance of the appellate mandate was correct. Once the mandate of the appellate court issues:

> The inferior court cannot [vary] it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court.

*Fortenberry* v. *Frazier*, 5 Ark. 200, 202 (1843). While the *Fortenberry* case was decided long before the establishment of the Court of Appeals, it applies with the same force to any appellate court decision, and this Court has followed it many times.

Nothing in the statute provides a basis for this Court to overturn the *Fortenberry* rule. The first Court of Appeals

mandate awarding costs incurred on appeal left nothing open for the Trial Court except execution on the supersedeas bond. The award of additional fees went beyond execution and was in error.

Affirmed.