896 F.Supp. 912 (1995)
FEDERATED RURAL ELECTRIC INSURANCE CORPORATION, Plaintiff,
v.
ARKANSAS ELECTRIC COOPERATIVES, INC., Defendant.
ARKANSAS ELECTRIC COOPERATIVES, INC., Plaintiff,
v.
FEDERATED RURAL ELECTRIC INSURANCE CORPORATION, Defendant.
Nos. LR-C-93-869, LR-C-94-034.
United States District Court, E.D. Arkansas, Western Division.
August 1, 1995.
*913 Jim L. Julian and Janie Willbanks McFarlin of Chisenhall, Nestrud & Julian, P.A., Little Rock, AR, for plaintiff/defendant, Federated Rural Elec. Ins. Corp.
N.M. Norton, Jr., and Charles L. Schlumberger of Wright, Lindsey & Jennings, Little Rock, AR and Robert M. Lyford, Little Rock, AR, for defendant/plaintiff, Arkansas Elec. Cooperatives, Inc.

ORDER
ROY, District Judge.
Now before the Court is the Court of Appeals' Order and Judgment of February 16, 1995,[1] reversing this Court's Order of May 19, 1994, and remanding the case for action consistent with the Court of Appeals' decision. This Court had granted Arkansas Electric's ("AECI") motion to stay the case until an Arkansas appellate court had rendered an opinion in a state court suit originating in Saline County involving the same two parties and presenting precisely the same legal issue, i.e. whether the term "damages" as used in the standard comprehensive general liability ("CGL") insurance policy issued by Federated Insurance to AECI includes CERCLA "response" costs.
In support of the decision to stay the case,[2] this Court cited the preexisting state case and the presence of important, unresolved state law issues (which tended to continually evade review by a state court), which are two of the six factors to be considered when applying the "exceptional circumstances" test as articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and Moses H. Cone Memorial Hospital v. Mercury Construction, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
After Federated appealed the stay order, the Court of Appeals, applying an abuse of discretion standard, reversed because this Court "failed adequately to consider the factors involved in defining the `exceptional circumstances' required for application of the Colorado River-Moses H. Cone abstention doctrine." Federated Rural Elec. Ins. v. AECI, 48 F.3d 294 (8th Cir.1995) (footnote omitted). In remanding the case to the district court, the Court of Appeals directed this Court:
to determine whether to await the Arkansas Supreme Court's decision in Grantors to the Diaz Refinery PRP Committee Site Trust v. Sentry Insurance.... If the Arkansas Supreme Court decides Diaz Refinery, the district court is to decide the summary judgment motions according to the Arkansas law as declared in Diaz Refinery. If the district court decides not to await the decision of the Arkansas Supreme Court, it is to apply NEPACCO and grant summary judgment to Federated.
Id. at 300-01.
The Court has carefully considered the post-remand pleadings of the parties (as well as their appellate briefs) and has taken the additional step of contacting the Clerk of the Arkansas Supreme Court about the status, and likely future, of the Diaz case. The inescapable conclusion, and this Court's finding, is that no decision in the Diaz case is "forthcoming;" indeed, it probably will never be decided.
As all hands are aware, the Diaz appeal has been put on hold indefinitely because the sole remaining appellee in Diaz, Employers National Insurance Corporation, is in receivership. According to the affidavit of Mr. Jerry Lanier, a court appointed deputy receiver for Employers, "[t]he receiver has no intention of requesting that the injunction *914 [barring legal proceedings against Employers] be lifted, modified or amended for the purposes of allowing the Dias Refinery [sic] appeal to proceed." It seems to the Court that it is more likely than not that Employers will cease to exist as a legal entity after a pro rata distribution of its assets is made. Even AECI has conceded that "it indeed appears that there will be no state court decision in the Diaz Refinery case." "Response" Brief of AECI, filed May 17, 1995, at 3.
Thus, it appears that if the mandate is to be followed, judgment should entered for Federated. However, in pleadings filed after the entry of the mandate, AECI has asked the Court to either await the resolution of the pending Saline County case between these same two parties before entering judgment in the case before this Court, or else dismiss the portion of Federated's claim having to do with the insurance contract at issue in the Saline County case. In so many words, AECI has implicitly suggested the Court would be justified in deviating from the Court of Appeals' mandate.
The so-called "mandate rule" is simply a sub-species of the venerable "law of the case" doctrine, a staple of our common law as old as the Republic. See generally, Charles A. Wright et al., 18 Federal Rules and Practices § 4478 (1981).
Whatever was before the [superior] Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.
Sibbald v. United States, 37 U.S. (12 Pet.) 488, 492, 9 L.Ed. 1167 (1838).
[T]he rule has remained essentially unchanged in nearly one hundred fifty years:
It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal.
A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.
Casey v. Planned Parenthood, 14 F.3d 848 (3rd Cir.1994), citing Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3rd Cir.1985) (citations omitted).
However, the Courts have recognized a few exceptions which might allow a matter to be revisited. They are (1) the availability of new evidence, (2) an intervening change of controlling law, or (3) the need to correct a clear error or prevent manifest injustice. E.g., In re Progressive Farmers Ass'n, 829 F.2d 651, 655 (8th Cir.1987) (on remand lower court required to follow appellate court decision unless new evidence introduced or decision is clearly erroneous and works manifest injustice); cited in Bethea v. Levi Strauss, 916 F.2d 453, 457 (8th Cir.1990).
The Court has examined each of these exceptions to the mandate in light of the record in this case and concludes that none of these applies. First, since this Court entered its order staying these proceedings, no evidence has come to light to justify deviating from the Court of Appeals' mandate. The one piece of significant evidence, if it is proper to refer to it as such, which has been put before the Court in the intervening period is the afore mentioned affidavit of Mr. Lanier which, if anything, speaks in favor of following the mandate.
Second, there has been no intervening change of controlling law. Interpretation of the legal question at issue here by various Arkansas trial level courts does not control this Court. Thus, the fact that the trial court in the Saline County case has now, in the intervening period, entered summary judgment in favor of (ironically) Federated[3] *915 does nothing to alter controlling law. That will have to come from the Arkansas Supreme Court.[4]
Third, the Court finds that the situation present here is not of a sort to justify deviating from the mandate in order to correct a "clear error" or to prevent "manifest injustice." This exception is rarely invoked. "Courts are much more inclined to describe the manifest injustice standard than to invoke it." Charles A. Wright et al., 18 Federal Rules and Practices § 4478, at 791 (1981). In any event, when invoked it usually is in the context of an appellate court hearing a matter for the second (or third) time on appeal, e.g., Wrist-Rocket Mfg. v. Saunders Archery, 578 F.2d 727 (8th Cir.1978), Metzger v. Hossack, 165 F.2d 1, 2 (8th Cir.1948), or a criminal case that has been remanded from an appellate court, e.g., United States v. Bell, 5 F.3d 64, 66-68 (4th Cir.1993).
Finally, the Court will suppose that AECI's post-remand pleadings contain not so much a request to deviate from the mandate, as they do a request to take action not covered within the parameters of that mandate. "[T]he [inferior] court may consider and decide any matters left open by the mandate of [the superior] court...." In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). "`While a mandate is controlling as to matters within its compass, on remand a lower court is free as to other issues.'" Quern v. Jordan, 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979) (quoting Sprague v. Ticonic National Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 780-81, 83 L.Ed. 1184 (1939)).
The question would thus become whether the suggested alternatives of either waiting on appellate resolution of the Saline County case or dismissing from Federated's claim the matter of the specific insurance policy at issue in that state court proceeding fall within the "compass of the mandate." As to the former, that was the very conduct reversed by the court above. As to the latter, this Court finds that entry of judgment for Federated on all claims is required to comply with the "spirit" of the mandate. Casey, 14 F.3d at 857.
In summary, the Court has found that no decision in the Diaz case is forthcoming by the Arkansas Supreme Court; the actions requested of this Court by AECI fall within the "compass" of the mandate; and no grounds exist to justify taking the unusual step of deviating from the Court of Appeals' mandate.
Therefore, pursuant to the mandate of the United States Court of Appeals for the Eighth Circuit, judgment will be entered in favor of Federated on all its claims and counter-claims.
IT IS SO ORDERED.
NOTES
[1] The Eighth Circuit's mandate was issued April 6, 1995.
[2] Federated Rural Elec. Ins. v. AECI, 853 F.Supp. 308 (1994).
[3] The impressive procedural maneuvering of the two parties has not been limited to this Court. The recent history of the related case in Saline County Circuit Court deserves recounting here.

In May of this year, in an effort to move the case to the appellate level as quickly as possible, AECI prepared and submitted to the trial court an order interpreting the "as damages" issue in favor of Federated and dismissing AECI's case with prejudice, a ploy evocative of a basketball team, trailing late in the game, allowing their opponent to score an uncontested two point basket so that they could take possession of the ball to attempt a three. The same day the order and judgment were entered, AECI submitted the order as an exhibit in support of its motion filed in this Court for a partial dismissal of Federated's counter-claim.
Apparently not happy with this unexpected win, and possibly disturbed at the prospect of having the "Saline County case" renamed "The Case Now on Appeal to the Arkansas Supreme Court" prior to this Court having responded to the Eighth Circuit's mandate, Federated wasted no time in attempting to wrest defeat from the jaws of victory. Specifically, two days later it filed its motion for "relief" from the judgment entered against AECI (victory is indeed a heavy burden) because the judgment giving Federated complete victory over AECI was arguably entered without Federated's consent.
[4] Though one could well argue that a different interpretation of the "as damages" issue by the Missouri Supreme Court, should that court ever consider that matter, should be viewed as a "change of controlling law" given the Court of Appeals' application of NEPACCO to Arkansas contracts being predicated on its finding that rules of construction of insurance contracts do not vary significantly between Arkansas and Missouri law. Grisham v. Commercial Union Ins. Co., 951 F.2d 872, 875 (8th Cir.1991).