Cite as 2020 Ark. App. 23

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-19-570

|  |  |
|---|---|
| ADDAM MAXWELL | **Opinion Delivered** January 15, 2020 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-16-720] |
| V. | HONORABLE XOLLIE DUNCAN, JUDGE |
| LORI MAXWELL | REVERSED AND REMANDED |
| APPELLEE | |

**LARRY D. VAUGHT, Judge**

Addam Maxwell appeals the Benton County Circuit Court's order denying his petition for change of custody and assessment of child support. We do not reach the merits of the custody issue because it is now moot. We reverse and remand the court's child-support order because the court failed to reference the family-support chart and failed to make necessary findings.

Lori and Addam Maxwell were married on July 14, 1990. They have two sons, Nate (born in May 1999) and Mitch (born in June 2001). The parties were divorced on January 25, 2017, and the court awarded joint custody of their sons pursuant to a property-settlement agreement. In September 2017, Nate began living full time with Addam. He lived with Addam until May 22, 2018. In January 2018, Mitch also began living full time with Addam. He was still living with Addam at the time of the hearing.

In January 2018, Addam petitioned the court for a change of custody and assessment of child support. The court held a hearing on the issue, at which evidence was introduced indicating that Lori and Addam had difficulty communicating and often could not agree on parenting decisions on issues such as medical treatment, discipline, visitation, and how to divide expenses. Mitch, who was seventeen at the time of the hearing, testified that he preferred to continue living full time with Addam.

After the hearing, the court chastised the parties for their inability to cooperate, and it found that their dysfunctional parenting relationship had negatively impacted their sons. The court took the matter under advisement and entered an order on August 21, 2018. The order denied Addam's motion to modify custody. It also assessed back child support for three separate periods, finding that Addam owed Lori $399 for the period between November 10, 2017, and March 2, 2018; that Lori owed Addam $1,615 for the period between March 16 and May 25, 2018; and that Lori owed Addam $1,232 for the period between May 25 and August 6, 2018. The court further ordered that Addam pay Lori $431.75 biweekly until Mitch graduates high school or turns eighteen, whichever is later.

Addam previously appealed, and we dismissed the appeal for lack of jurisdiction because the order being appealed failed to dispose of a cross-complaint filed by Lori. That issue has now been resolved, and the order being appealed is final.

We perform a de novo review of child-custody matters, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Grimsley v. Drewyor*, 2019 Ark. App. 218, at 8, 575 S.W.3d 636, 641. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a

mistake has been made. *Id.*, 575 S.W.3d at 641. Finally, we recognize and give special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Id.*, 575 S.W.3d at 641. The primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *Id.*, 575 S.W.3d at 641.

A judicial award of custody will not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree will be in the best interest of the child or when there is a showing of facts affecting the best interest of the child that either were not presented to the circuit court or were not known by the circuit court at the time the original custody order was entered. *Rice v. Rice*, 2016 Ark. App. 575, at 4, 508 S.W.3d 80, 84 (citing *Stehle v. Zimmerebner*, 375 Ark. 446, 291 S.W.3d 573 (2009)). Generally, courts impose more stringent standards for modifications in custody than they do for initial determinations of custody. *Id.* at 4, 508 S.W.3d at 84. The reasons for requiring more stringent standards for modifications than for initial custody determinations are to promote stability and continuity in the life of the child and to discourage repeated litigation of the same issues. *Id.*, 508 S.W.3d at 84. The party seeking modification has the burden of showing a material change in circumstances. *Id.*, 508 S.W.3d at 84 (citing *Byrd v. Vanderpool*, 104 Ark. App. 239, 290 S.W.3d 610 (2009)).

When the parties are unable to cooperate in sharing physical care of their children, such discord may constitute a material change in circumstances affecting the children's best interest. *Doss v. Miller*, 2010 Ark. App. 95, at 9, 377 S.W.3d 348, 355. We have reversed the continuation of a joint-custody arrangement on a motion to modify custody when "there

3

was a mountain of evidence . . . demonstrating that the parties could no longer cooperate in reaching shared decisions in matters affecting their children." *Id.*, 377 S.W.3d at 355; *see also Stibich v. Stibich*, 2016 Ark. App. 251, at 5, 491 S.W.3d 475, 479 (quoting *Gray v. Gray*, 96 Ark. App. 155, 157, 239 S.W.3d 26, 29 (2006)) ("Regardless of whether joint custody is favored, our law remains that 'the mutual ability of the parties to cooperate in reaching shared decisions in matters affecting the children's welfare is a crucial factor bearing on the propriety of an award of joint custody, and such an award is reversible error where the cooperation between the parents is lacking.'").

Before addressing the merits of Addam's arguments, we must first evaluate whether some or all of the issues have been rendered moot during the pendency of this appeal. Nate is now twenty years old,[1] and Mitch turned eighteen last June. Because both sons are now legally adults, the custody determination is now moot.

As our supreme court explained in *Terry v. White*, 374 Ark. 387, 391–93, 288 S.W.3d 199, 202–03 (2008):

> As a general rule, the appellate courts of this state will not review issues that are moot. *See Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which this court will not do. *See id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See id.* In other words, a moot case presents no justiciable issue for determination by the court. *See Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007).

In the present case, Mitch is no longer a minor subject to an award of custody. Our code authorizes circuit courts to award and modify the custody of a child, but "'[c]hild' means a person under eighteen (18) years of age." Ark. Code Ann. § 9-8-101 (Supp. 2019).

---

[1]The court's order awarded custody only as to Mitch, who was a minor at the time of the order.

Because Mitch is now eighteen, he does not fall under the statute's definition of a "child" subject to a custody award, and Addam's appeal of the court's order regarding custody of Mitch is moot.

The court's child-support determinations are not moot, however, both because they address back child support and because the order provided for support until Mitch either turned eighteen or graduated high school, whichever occurred later, and Mitch has not yet graduated high school.[2] Moreover, while Nate has graduated from high school, he has ongoing medical issues that will likely require him to continue living with Lori for at least the foreseeable future. It is unclear whether the court factored Nate's care into its child-support order.

Addam appeals the court's modification of child support, arguing that it was error for the court to require him to pay child support to Lori while their only minor son, Mitch, lives full time with Addam. We must reverse the court's child-support findings because it failed to reference the family-support chart found in Administrative Order No. 10 and failed to make key findings necessary for its award.

Our case law clearly establishes that utilizing the family-support chart contained in Administrative Order No. 10 is mandatory when setting or modifying child support. *Holloway v. Holloway*, 2019 Ark. App. 375, at 4, 586 S.W.3d 173, 176. There is a rebuttable presumption that support awarded pursuant to the chart is the appropriate amount of support and can be modified only upon written findings stating why the application of the

---

[2]Unlike custody, Arkansas law clearly allows for a parent's child-support obligation to continue after the child has turned eighteen, if the child is still in high school or is disabled and will need ongoing care. *See* Ark. Code Ann. § 9-14-237 (Repl. 2015); *Guthrie v. Guthrie*, 2015 Ark. App. 108, 5, 455 S.W.3d 839, 843.

chart amount would be unjust or inappropriate. *Id.*, 586 S.W.3d at 176. Here, the circuit court's order fails to reference the family-support chart or state reasons why the application of the chart amount would be unjust or inappropriate. The court's order also fails to make key findings as to which parent had physical custody[3] over one or both of their sons during each of the designated periods of time and whether the court was considering Nate's ongoing medical expenses as a basis for awarding support despite his age.

We therefore reverse and remand the child-support issue for the circuit court to decide in accordance with our opinion.

Reversed and remanded.

VIRDEN and GLADWIN, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya*, for appellant.

One brief only.

---

[3]Because Arkansas Code Annotated section 9-14-105 (Repl. 2015) allows a parent having physical custody of a minor child to petition the court to require the noncustodial parent to provide financial support for the minor, determinations of who had physical custody of one or both boys during the relevant time periods may be dispositive, yet the court made no findings as to this issue.