Cite as 2022 Ark. App. 51

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-20-579

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 2, 2022 |
| ADDAM MAXWELL | | APPEAL FROM THE BENTON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 04DR-16-720] |
| V. | | |
| | | HONORABLE XOLLIE DUNCAN, |
| | | JUDGE |
| LORI MAXWELL | | |
| | APPELLEE | REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

This is the third time that Addam Maxwell has appealed the Benton County Circuit Court's determination of a child-custody and child-support dispute between Addam and his ex-wife, Lori Maxwell, regarding their two sons, Nate and Mitch, both of whom are now adults. Because the circuit court has failed to follow our mandate, we reverse and remand.

Lori and Addam Maxwell were married on July 14, 1990. They have two sons, Nate (born in May 1999) and Mitch (born in June 2001). The parties were divorced on January 25, 2017, and the court awarded joint custody of their sons pursuant to a property-settlement agreement. In September 2017, Nate began living full time with Addam. He lived with Addam until May 22, 2018. In January 2018, Mitch also began living full time with Addam.

In January 2018, Addam petitioned the court for a change of custody and assessment of child support. After conducting a hearing on the matter, the court entered an order on August 21, 2018, in which it denied Addam's motion to modify custody. It also assessed back

child support for three separate periods, finding that Addam owed Lori $399 for the period between November 10, 2017, and March 2, 2018; that Lori owed Addam $1,615 for the period between March 16 and May 25, 2018; and that Lori owed Addam $1,232 for the period between May 25 and August 6, 2018. The court further ordered that Addam pay Lori $431.75 biweekly until Mitch graduated high school or turned eighteen, whichever occurred later.

Addam appealed, and in *Maxwell v. Maxwell*, 2019 Ark. App. 229, we dismissed the appeal for lack of jurisdiction because the order was not final. It failed to dispose of a cross-complaint filed by Lori. That issue was subsequently resolved, and we addressed the merits of Addam's arguments for reversal in *Maxwell v. Maxwell*, 2020 Ark. App. 23, 593 S.W.3d 499. We held that the custody issue was, by then, moot because Nate and Mitch had both reached the age of majority, but we reversed and remanded the court's child-support order because the court failed to reference the family-support chart and failed to make necessary findings of fact. We specifically noted that

> [b]ecause Arkansas Code Annotated section 9-14-105 (Repl. 2015) allows a parent having physical custody of a minor child to petition the court to require the noncustodial parent to provide financial support for the minor, determinations of who had physical custody of one or both boys during the relevant time periods may be dispositive, yet the court made no findings as to this issue.

*Maxwell*, 2020 Ark. App. 23, at 6 n.3, 593 S.W.3d at 503 n.3.

Shortly before our mandate was filed, Lori petitioned the circuit court to hold Addam in contempt for nonpayment of monthly alimony.

Our mandate, which was filed on February 19, 2020, directed Lori to pay Addam $766.65 in appellate costs.

On remand, the circuit court instructed both parties to prepare and submit proposed findings of facts and conclusions of law to dispose of the child-support issue. The court did not schedule a new hearing or take additional evidence. A dispute arose over whether the proposed child-support orders should be calculated on the basis of Lori's established income at the time of the hearing or whether the court would receive evidence regarding a raise that Addam claimed Lori had received during the two-year interim between the original hearing and the remand. The circuit court settled the issue via email, advising the parties that "[a]t this point I am dealing with the order on remand which only addresses the child support issue up to the time of the hearing before appeal. If we need to deal with child support post appeal, that will be for another time."

Addam then filed a petition for back child support to be calculated using Lori's current income rather than the income level she had prior to the appeal. The court adopted Lori's proposed findings of fact and conclusions of law and, in so doing, denied Addam's petition. The order provides for child support that is calculated using Lori's income from the time of the original hearing. The order also assigns all blame to Addam for Lori's dysfunctional relationship with their son Mitch.

In the order, the court found that Nate lived with Addam from September 2017 until May 2018 and that Mitch moved in with Addam in January 2018 and never moved out, but it then set Lori's child-support obligation as starting to accrue in March of 2018, months after Addam had become the custodial parent. The court also found that Addam owed Lori child-support arrearages for November 10, 2017, to March 2, 2018. Notably, this language was taken from the prior order that we reversed. The order also granted Lori several offsets to be

3

subtracted from the amount she owed Addam. These offsets were based, in part, on Lori's "stipulation" that she had, by that point, paid part of her child-support obligation to Addam. These amounts were then deducted from Addam's judgment for back child support.

Despite telling the parties in an email that it only planned to address matters up to the date of the original hearing date—and failing to take any additional testimony or evidence—the court did, in fact, address these issues in its order. It required Addam to pay child support for Nate on the basis of events that took place posthearing. It also offset from Lori's child-support obligation the amount of alimony that it found Addam should have paid since the hearing based on bonuses. The order did not mention the appellate costs we mandated Lori to pay.

Addam timely moved for a new trial. He argued that the court's order understated Lori's child-support obligation by calculating it based on Lori's salary prior to her raise. Addam also argued that Lori's child-support arrearage was erroneously not assessed for seven months for Nate and two months for Mitch, during which time Addam was the custodial parent. Next, he argued that he was entitled to prejudgment interest going back to the first order of child support. He also argued that many of the court's findings were not supported by evidence in the record and that he was entitled to notice and an opportunity to be heard before the court could make findings related to the offsets or the bonuses. Addam also claimed that it was an error to renew the finding that Addam was liable for a child-support arrearage as to Nate because Nate was living with Addam at the time, and he claimed that this finding violated our mandate. Additionally, Addam argued that the court should not have adopted Lori's assertion

4

that Addam was to blame for her dysfunctional relationship with Mitch, which was only relevant to the moot child-custody issue.

A few days later, Addam amended his motion to include an argument that the order should have included judgment against Lori for the costs that we assigned in the mandate.

No order was entered on Addam's motion for a new trial within thirty days, and Addam filed a timely appeal.

Before we may address the merits of this appeal, we must again analyze whether there is a final order granting us jurisdiction. At its outset, this case was an interlocutory appeal brought under Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure–Civil because, at the time of the appeal, Lori had filed—and the court had not yet decided—a motion for contempt against Addam on a collateral issue. Addam has supplemented the appellate record with an agreed order filed July 14, 2021, which states that the court fully resolved all issues related to Lori's contempt motion. Therefore, there is no remaining bar to finality, and we have jurisdiction to decide this appeal.

On appeal, Addam contends that the circuit court's failure to include in its order a judgment against Lori for the $766.65 that we mandated she pay Addam for appellate costs constitutes reversible error. It is true that a circuit court has no authority to negate or modify our award of appellate costs or fees. *Nat'l Cashflow Sys., Inc. v. Race*, 307 Ark. 131, 817 S.W.2d 876 (1991) (reversing a circuit court's order awarding attorney's fees for appellate work where the appellate court mandate did not award such fees). The Arkansas Supreme Court specifically stated that a circuit court may not "in any manner intermeddle with [the appellate court's mandate] further than to execute [it], and settle such matters as have been remanded,

5

not adjudicated" by the appellate court. *Id.* at 133, 817 S.W.2d at 877 (quoting *Fortenberry v. Frazier*, 5 Ark. 200, 202 (1843)). Here, though, our mandate awarded costs to Addam and required no further action by the circuit court. The mandate was effective the day it was entered. So while the circuit court's failure to include the appellate costs in its order on remand is not reversible error, Lori remains obligated, pursuant to our mandate, to pay Addam the appellate costs we assessed.

Next, we address Addam's contention that the circuit court failed to follow our mandate when it found that Nate began living with Addam in September 2017 and Mitch began living with Addam in January 2018 but then assessed child-support arrearages against Addam running through March 2018. Addam argues that it was reversible error for the court to charge him with child support for a period during which the court acknowledges that he was the custodial parent. In our previous opinion, we directly addressed this issue in footnote 3, noting that Arkansas Code Annotated section 9-14-105 (Repl. 2015) allows a parent having physical custody of a minor child to petition the court to require the noncustodial parent to provide financial support for the child. We indicated that "determinations of who had physical custody of one or both boys during the relevant time periods may be dispositive," and then remanded the case to make all necessary findings of fact in order to award child support pursuant to the family-support chart. *Maxwell*, 2020 Ark. App. 23, at 6 n.3, 593 S.W.3d at 503 n.3. On remand, it appears that the circuit court did make specific findings on the issue—it determined that the boys lived with Addam during the time periods in question—but it inexplicably still applied the same child-support arrearages from its previous order regardless of those findings. The circuit court, therefore, failed to follow our mandate, and we must again

6

reverse and remand this issue for the court to decide in keeping with Arkansas law, the family-support chart, our February 19, 2020 mandate, and this opinion.

Addam also argues that the court erred in failing to award prejudgment interest on its award of back child support against Lori. This argument lacks merit, and we affirm the court's denial of prejudgment interest. Such interest is only available when, at the time of injury or loss, damages are immediately ascertainable with reasonable certainty. *Wooten v. McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981). Given the very fact-specific nature of the child-support disputes at issue in this case, it does not qualify as the sort of issue for which damages are immediately ascertainable with reasonable certainty. The present case hinges on very specific findings of fact, including the dates on which each boy lived with each parent and the determination of Lori's income for purposes of consulting the family-support chart. Addam has presented neither authority nor persuasive argument that prejudgment interest is available for issues as fact specific as child support, and we therefore find no reversible error as to this point.

Addam's remaining points on appeal relate to issues that arose after the original hearing. First, Addam argues that the court erred by calculating Lori's child-support obligation on the basis of her income at the time of the previous hearing, not her current income. Although Lori's income wasn't an issue in the previous appeal, and as such, it wasn't contemplated in our mandate, Addam argues that it was reversible error for the circuit court to use Lori's previously established income to calculate back child support on remand. He argues that the court was obligated to determine her actual income and that its failure to do

so violates the spirit of our mandate, which tasked the court with establishing all facts necessary to apply the family-support chart.

Second, Addam argues that it was reversible error for the circuit court to award Lori offsets against the amount she owed in back child support based on evidence and facts that were not developed at the original hearing. The court gave Lori credit for child-support payments she (not Addam) "stipulated" she had made to Addam since the previous hearing. It also found that she was entitled to offset the amount she owed him for back child support to account for (1) unpaid bonus-based alimony; (2) deductions for overpaid "unreasonable" expenses that Addam incurred for Mitch; (3) reimbursements and child support that the circuit court ordered prior to remand and which Lori contends that she "forgave"; and (4) "child support" for Nate between June 2018 and June 2019, despite the fact that he was over eighteen years old at the time.

In order to evaluate both issues, we must review a circuit court's role on remand. In *Turner v. Northwest Arkansas Neurosurgery Clinic, P.A.*, 91 Ark. App. 290, 298, 210 S.W.3d 126, 133 (2005), we explained that

> [a]ny proceedings on remand that are contrary to the directions contained in the mandate from the appellate court may be considered null and void. [*Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998)]. "[E]ither new proof or new defenses cannot be raised after remand when they are inconsistent with this court's first opinion and mandate. Indeed, to allow such to occur undermines the finality of this court's decision and denies closure on matters litigated." *Id.* at 120, 983 S.W.2d at 117. *Accord City of Dover v. A.G. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000); *Little Red River Levee Dist. No. 2 v. Moore*, 199 Ark. 946, 137 S.W.2d 234 (1940); *White v. Gregg Agric. Enters.*, 72 Ark. App. 309, 37 S.W.3d 649 (2001).

The court further explained that

> [t]he mandate rule has been described as "simply a sub-species of the venerable 'law of the case' doctrine, a staple of our common law as old as the Republic" that has

8

remained essentially unchanged for approximately 150 years. *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 896 F. Supp. 912, 914 (E.D. Ark. 1995). The inferior court cannot vary the appellate court's mandate; examine it for any other purpose than execution; give any other relief; review for error any matter decided on appeal; or meddle with it, other than to settle what has been remanded. *Id.* However, the courts have recognized some exceptions that might allow a matter to be revisited. They are: (1) the availability of new evidence; (2) an intervening change of controlling law; (3) the need to correct a clear error or prevent manifest injustice. *Id.*

The law-of-the-case doctrine provides that the decision of an appellate court establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review and is conclusive of every question of law and fact previously decided in the former appeal, and also of those that could have been raised and decided in the first appeal but were not presented. *See Linder v. Linder*, 348 Ark. 322, 72 S.W.3d 841 (2002); *Clemmons v. Office of Child Support Enf't*, 345 Ark. 330, 47 S.W.3d 227 (2001); *Helena/West Helena Schs. v. Hislip*, 78 Ark. App. 109, 79 S.W.3d 404 (2002); *see also Miller Cnty. v. Opportunities, Inc.*, 334 Ark. 88, 971 S.W.2d 781 (1998). The rule is grounded on a policy of avoiding piecemeal litigation. *First Am. Nat'l Bank v. Booth*, 270 Ark. 702, 606 S.W.2d 70 (1980). Thus, the law-of-the-case doctrine prevents consideration of an argument that could have been made at trial and also prevents consideration of an argument that could have been raised in the first appeal and is not made until a subsequent appeal. *McDonald's Corp. v. Hawkins*, 319 Ark. 1, 888 S.W.2d 649 (1994); *Willis v. Est. of Adams*, 304 Ark. 35, 799 S.W.2d 800 (1990). However, when the evidence materially varies, the law-of-the-case doctrine has no application. *See Barnhart v. City of Fayetteville*, 335 Ark. 57, 977 S.W.2d 225 (1998); *Hartwick v. Hill*, 77 Ark. App. 185, 73 S.W.3d 15 (2002). The law-of-the-case doctrine is conclusive only where the facts on the second appeal are substantially the same as those involved in the prior appeal and does not apply if there was a material change in the facts. *Weiss v. McFadden*, 360 Ark. 76, 199 S.W.3d 649 (2004); *Wilson v. Wilson*, 301 Ark. 80, 781 S.W.2d 487 (1989).

*Turner*, 91 Ark. App. at 298–99, 210 S.W.3d at 133–34.

Applying the mandate rule to the issue before us, we recognize two acceptable ways that the court could have proceeded. First, as it purported to do in its email to the parties, it could have limited its decision on remand to the facts and evidence that were before it at the time of the original hearing. This is what the court stated that it intended to do, saying that all issues arising after the date of the original hearing could be the subject of subsequent proceedings should the parties wish to pursue such relief. It correctly noted that its task on

9

remand was focused solely on the matters at issue in the appeal. This is not an unreasonable approach and is in keeping with *Turner*. We therefore find no reversible error in the court's denial of Addam's request that the court calculate back child support (an issue on remand) using Lori's current income (an issue that had not been previously raised).

Regarding Addam's challenge to the court's award of offsets to Lori, we see no reason why the same application of the mandate rule should not apply. We note that, while the court might have been authorized under one of the established exceptions to the mandate rule articulated in *Turner* to reopen the proceedings and address new evidence that was not available at the time of the original hearing, it never contended that it was doing so. In fact, when Addam made a specific request to reopen the proceedings and allow for new evidence regarding Lori's income, the court explicitly directed the parties to address only the evidence and issues that were part of the record from the previous hearing. It is reversible error, then, for the court to have inexplicably included findings in its order regarding events and issues that arose after the hearing. The court did not make a finding that one of the *Turner* exceptions applied, did not take additional evidence, and did not provide both parties an opportunity to be heard on these issues.

So while we find no reversible error in the court's refusal to reopen the evidence regarding Lori's income in order to calculate back child support, we hold that it was erroneous for the court to then use its remand order to award Lori offsets that went far beyond the scope our mandate, which dealt specifically with child support.

Finally, Addam argues that the circuit court's statements regarding the  parties' relationships with their sons, especially Lori's relationship with Mitch and its assignment of

10

blame to Addam for problems between Lori and Mitch, amounted to an impermissible advisory opinion because the only legal issue to which these statements might arguably have been relevant was custody, and we held in *Maxwell*, 2020 Ark. App. 23, at 4, 593 S.W.3d at 502, that "[b]ecause both sons are now legally adults, the custody determination is now moot." Addam correctly notes that the court's "moralizing" has no bearing on the determination of back child support, which was the only issue the court was tasked with addressing on remand. Although we acknowledge that the court's statements were neither relevant to the issues on remand nor appropriate for an impartial fact-finder to include as dicta, we cannot reverse absent a showing of prejudice. *Gross & Janes Co. v. Brooks*, 2012 Ark. App. 702, at 3, 425 S.W.3d 795, 798. Because the court's comments were not related to the determination of child-support arrearages, they simply have no meaningful impact on Addam's rights and responsibilities, especially given our reversal of the court's child-support determinations.

In sum, we are again forced to reverse and remand this case because the circuit court has failed to follow our mandate. We direct the court, on remand, to utilize the evidence presented at the original hearing, including the physical-custody dates it has already established, and to then calculate the parties' child-support arrearages using the family-support chart. All other issues, including the offsets the circuit court awarded to Lori, are null and void, pursuant to *Turner*, *supra*, as outside the scope of our mandate. Should either party petition the court to take up any issues arising after the original hearing, the court should determine whether, pursuant to *Turner*, that request falls within a recognized exception to the mandate rule. If the court determines that an exception is present, the court should then follow all

11

normal procedures to allow both parties an opportunity to present evidence and be heard before issuing its ruling.

Reversed and remanded.

GRUBER and MURPHY, JJ., agree.

*Kezhaya Law, PLC*, by: *Matthew A. Kezhaya*, for appellant.

*Lori Maxwell*, pro se appellee.