Edward RESPALIE *v.* Barbara RESPALIE

CA 87-423                                              756 S.W.2d 928

Court of Appeals of Arkansas
Division I
Opinion delivered September 21, 1988

*Warren H. Webster*, for appellant.

*Walker, Snellgrove, Laser & Langley*, by: *Glenn Lovett, Jr.* and *Todd Williams*, for appellee.

GEORGE K. CRACRAFT, Judge. Edward Respalie appeals from that part of a decree of divorce granting custody of the parties' three minor children to Barbara Respalie. We find no error and affirm.

A suit for divorce was filed by Mrs. Respalie in September of 1985. No action was taken on the complaint for a considerable period of time during which the custody of the children was in constant dispute. In November of 1986, a temporary order was entered in which the court directed that the custody of the older child, Rachel, remain with the mother and the other two children be in the custody of Mr. Respalie until further orders of the court and pending reports from the Department of Human Services as to the conditions of the homes of the two parties.

At a hearing on the divorce in December of 1986 it was announced that, although the reports from the Department had not been received, the court should have the benefit of them and would permit such additional testimony as the parties might wish to be taken with reference to the reports. At that hearing appellee testified that she could provide adequate living conditions for all three children and would do so. There was evidence that she was able to fully provide for their physical and emotional needs. She admitted in the course of her testimony that for the past year she had resided with a man to whom she was not married, and that she had no immediate plans to marry him. Appellant testified that he was better able to provide for the needs of the children and would do so. He admitted that he had also lived with a woman while the children were with him but stated that he had broken off the relationship.

Subsequent to the hearing, reports of the Department were filed with the court, without objection to their being considered. The report on the home of the appellee was favorable, and stated that all three of the children were living with the appellee in pleasant and well-kept surroundings. The older child stated that her father had caused her to have two black eyes and a concussion, and that she had returned to live with her mother. The Department further reported that there had been a substantiated report that appellant had sexually abused the four-year old girl, April. It also investigated complaints that appellant had been giving his children intoxicating liquors, not providing them with food, not sending them to school, and not providing utilities or water in the home. It reported that all subsequent attempts to contact appellant for home visits had failed and that he had refused to attend scheduled meetings at the Department's offices. The report stated that after being interviewed on the abuse complaints appellant took the children to their mother, informed her that she should have custody of all the children, and removed himself to the State of New York. The Department recommended that none of the children be placed with appellant. The report concluded: "Due to the instability that John and April have endured, especially in the last few weeks, and the harm that is indicated by the substantiated sexual abuse complaint, this agency recommends that custody of the children be granted to Barbara Respalie."

The court then entered a decree of divorce in which custody of the three children was granted to appellee subject to reasonable visitation rights in the appellant. Appellant then filed a motion asking the court to reconsider its order with respect to custody and to permit him to rebut the content of one of the Department's reports. After a hearing the court denied the motion, finding no change in circumstances warranting modification. The testimony taken at that hearing was not preserved in the record and is not the basis for argument on appeal. Appellant argues only that the trial court erred in granting custody to appellee while living with a man to whom she was not married and that the award was not in the best interest of the children.

■ While our courts have never condoned a parent's promiscuous conduct or lifestyle when conducted in the presence of a child, we have recognized the distinction between those human weaknesses and indiscretions which do not necessarily

adversely affect the welfare of the child and that moral breakdown leading to promiscuity and depravity which does render one unfit to have custody of a minor child. *Anderson* v. *Anderson*, 18 Ark. App. 284, 715 S.W.2d 218 (1986); *Watts* v. *Watts*, 17 Ark. App. 253, 707 S.W.2d 777 (1986). Here there was evidence that the mother adequately provided for the needs of the children and was a good mother to them. There was no evidence that the man with whom she lived was other than kind and good to the children, or that his presence in the home was presently affecting them adversely. There was evidence that appellant did not adequately provide for their physical needs while in his care and had sexually and physically abused them.

The chancellor was in a superior position to assess the situation and the effect appellee's conduct would have on the children's welfare. We have often recognized that there is no case in which greater deference should be given the chancellor's position, ability and opportunity to see and evaluate the evidence than those involving the welfare of minor children. *Calhoun* v. *Calhoun*, 3 Ark. App. 270, 625 S.W.2d 545 (1981). Chancellors cannot always provide flawless solutions to unsolvable problems, especially where only limited options are available. Although the conditions in which these children are placed are not ideal, we cannot conclude that the chancellor's order does not more adequately provide for the welfare of these children than any option then available to him.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.