Charles Edward HOING *v.* Vanessa Lee HOING

CA 89-80                                    775 S.W.2d 81

Court of Appeals of Arkansas
Division I
Opinion delivered August 30, 1989

*Robert S. Blatt*, for appellant.

*Rose, Kinsey & Cromwell*, by: *Jan R. Cromwell*, for appellee.

JUDITH ROGERS, Judge. The sole issue on appeal in this divorce action concerns the chancellor's award of custody of the parties' minor child to the appellee. For reversal, the appellant argues that the chancellor's decision is contrary to the weight of the evidence and the best interests of the child. We disagree and affirm.

The child, Christopher, who was two-years-old at the time of the divorce, was the only child born of this three-year marriage. During the pendency of the divorce, he was placed in the temporary custody of the appellant with visitation being granted to the appellee. From a previous marriage, the appellee had an eight-year-old daughter, Ashley, who resided with the parties and Christopher during the marriage. Custody of Ashley with the

appellee has not been contested.

As stated in the decree of November 15, 1988, the chancellor found that Christopher's best interests would be served by placing him in the permanent custody of the appellee, subject to the liberal rights of visitation granted to the appellant. The chancellor found that the appellee was able to provide a stable home environment, which would include Ashley, Christopher's half-sister, with whom he shared a good relationship.

As in all custody cases, the primary consideration is the welfare and best interests of the children involved. All other considerations are secondary. *Digby* v. *Digby*, 263 Ark. 813, 567 S.W.2d 290 (1978). The appellate court reviews chancery cases *de novo* on appeal, and the chancellor's findings of fact will not be reversed unless they are clearly against the preponderance of the evidence. *Kesterson* v. *Kesterson*, 21 Ark. App. 287, 731 S.W.2d 786 (1987); Ark. R. Civ. P. 52(a). Since the question of the preponderance of the evidence turns largely on the credibility of the witnesses, the appellate court defers to the superior position of the chancellor, especially so in those cases involving custody. *Rush* v. *Wallace*, 23 Ark. App. 61, 742 S.W.2d 952 (1988).

In making his argument for reversal, the appellant primarily contends that the appellee was shown to be lacking in moral values, as evidenced by her involvement in extra-marital relationships. He also argues that he has been the child's primary caretaker, that he enjoys a special relationship with his son, and that he can provide a good home for him owing to the support of his family. The appellant further points to instances in which he alleged that the appellee had left the children unattended, that the appellee was a poor homemaker, and that Christopher was returned after a period of visitation with the appellee unkempt and dirty.

In the case at bar, the testimony was sharply conflicting, particularly with regard to the appellee's misconduct. However, the appellee candidly admitted to having had a relationship with Tarrell Morrison, whom she was still seeing as of the time of divorce. The appellee testified that this behavior never occurred in the presence of the children, and she acknowledged that her relationship with Mr. Morrison had been "the wrong thing to do," and that she had "made a very bad mistake." She denied having

been sexually involved with anyone other than Mr. Morrison.

While our courts have never condoned a parent's promiscuous conduct or lifestyle when conducted in the presence of the child, we have recognized the distinction between those human weaknesses and indiscretions which do not necessarily affect the welfare of the child, and that moral breakdown leading to promiscuity and depravity which does render one unfit to have custody of a minor child. *Respalie* v. *Respalie*, 25 Ark. App. 254, 756 S.W.2d 928 (1988). Our Supreme Court has also held that the child's welfare is the controlling consideration, and custody is not awarded as a reward to, or punishment of, either parent. *Johnson* v. *Arledge*, 258 Ark. 608, 627 S.W.2d 917 (1975).

Implicit in the chancellor's decision are findings of the appellee's fitness to have custody and the absence of evidence that the child had been harmed by the appellee's conduct, nor did the chancellor find that it had occurred in the presence of the child. Undoubtedly, the chancellor also found credible the appellee's remorseful attitude toward her past conduct. The chancellor did order in the decree that the child at all times be kept in a wholesome environment and under adult supervision, and we are confident in the chancellor's ability to ensure the continuing protection of the child's best interests.

In reaching his decision, the chancellor also noted that the appellee, an LPN, had regular working hours, while the appellant, a television technician, had long and varied work hours, and had to rely on his mother who lives in another town in order to care for the child. The record also reveals that the appellant had two children from two previous marriages — one whose name he could not remember, and the other for whom he was in arrearages in child support. Obviously, these factors weighed heavily in the chancellor's decision. We also take it from his findings in the decree that the chancellor was reluctant to separate Christopher from his sibling, Ashley. This is a factor relating to the best interests of the child. *See Ketron* v. *Ketron*, 15 Ark. App. 325, 692 S.W.2d 261 (1985). Based on the evidence before us, we cannot say that the chancellor's award of custody to the appellee is clearly against the preponderance of the evidence.

AFFIRMED.

COOPER and CRACRAFT, JJ., agree.