Jean LARSON *v.* Michael LARSON

CA 94-154                                    902 S.W.2d 254

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1995

*Victoria K. Cochran* and *Tim R. Morris* and *W. Marshall Prettyman*, for appellant.

*Bob Scott*, for appellee.

*Shannon Minter, Esq.*, and *Gary Sullivan*, for *amicus curiae* National Center for Lesbian Rights.

JOHN E. JENNINGS, Chief Judge. This is a child custody case. Michael and Jean Larson were married in 1979. They had two children, "Mikey" and Mindy. In 1988 the parties divorced and Mrs. Larson was awarded primary custody of the children.

In May of 1989, Mrs. Larson filed a petition for citation for contempt alleging that Mr. Larson was then living with his girlfriend in an "immoral relationship" and that his exercise of his visitation rights in his home was contrary to the best interest of

the children. Consequently, the chancery court entered an order directing Mr. Larson not to exercise his visitation rights while living with his girlfriend.

In December 1992, by agreement of the parties, Mikey went to live with his father. In May 1993 Mr. Larson filed a petition to obtain custody of both children. In June 1993 Mrs. Larson and her lover, Sherry Callendar, applied to the Benton County Clerk for a marriage license and it appears that the clerk refused to issue the license.

After holding hearings in July and August of 1993, the chancellor entered an order changing primary custody of both children to the father. Mrs. Larson now appeals. We find no reversible error and affirm.

In chancery cases we review the evidence de novo, but we do not reverse the decision of the chancellor unless it is shown that his decision was clearly contrary to a preponderance of the evidence. *Thigpen* v. *Carpenter*, 21 Ark. App. 194, 730 S.W.2d 510 (1987). In child custody cases we give special deference to the superior position of the chancellor to evaluate the witnesses, their testimony, and the child's best interest. *See Anderson* v. *Anderson*, 43 Ark. App. 194, 863 S.W.2d 325 (1993). In custody cases the primary consideration is the welfare and best interest of the children involved; other considerations are secondary. *Scherm* v. *Scherm*, 12 Ark. App. 207, 671 S.W.2d 224 (1984).

Mrs. Larson contends that the chancellor erred in finding that she was an "unfit mother based solely on her homosexuality." While the trial court did change primary custody of the children to the father, it made no finding of "unfitness" on the part of the appellant. Furthermore, we are fully persuaded that the chancellor did not change custody merely because of appellant's homosexuality. The trial court said, "Though the parties have formed the central issue in this case as being whether or not a homosexual mother is entitled to custody of her children, the true substantive issue is whether or not it is in the best interest of the children to reside with the mother or the father." The chancellor did express concern about the effect of Mrs. Larson's lifestyle and the attendant publicity on the children. We find no fault with this concern, particularly in view of the testi-

mony that Mikey was worried about the possible effect on his younger sister. Even so, it is apparent that the chancellor's primary focus in this regard was on appellant's conduct, not merely her status or sexual preference. We simply do not agree that appellant's sexual preference was the sole basis for the chancellor's decision.

A change in custody cannot be made absent a showing of a change in circumstances from those existing at the time of the original decree. *Carter* v. *Carter*, 19 Ark. App. 242, 719 S.W.2d 704 (1986). Appellant contends that the court made no finding of a change in circumstances, but the court's findings of fact show otherwise. Among the changes are the fact that appellant and Ms. Callendar had, while living together, engaged in sexual relations when the children were at home; that Mindy sometimes slept between the appellant and Ms. Callendar; that Mikey had gone to live with his father by agreement; and appellant's ambivalent attitude as to her desire for custody of Mikey.

In making his decision the chancellor considered the fact that Mikey wanted to continue to live with his father. *See Anderson* v. *Anderson*, 18 Ark. App. 284, 715 S.W.2d 218 (1986). He also expressed concern about keeping the two children together. This was an appropriate factor to consider. *See Riddle* v. *Riddle*, 28 Ark. App. 344, 775 S.W.2d 573 (1989).

Appellant also contends that the trial court's finding that she and Sherry Callendar had engaged in "deviant sexual activity" is clearly against a preponderance of the evidence. While it is true that there is no evidence in the record that describes in detail the intimacies, Sherry Callendar testified that she and the appellant had "sexual relations." We find no error here.

Appellant's final point seeks to adopt and incorporate the arguments in an amicus curiae brief filed by the National Center for Lesbian Rights. One point raised requires discussion: the contention that the chancellor erred in restricting the appellant's visitation. The appellee states that after the appeal was lodged the trial court entered an order providing for unrestricted visitation, which the appellee did not oppose. Because this statement has not been contested by reply brief or otherwise, we agree that the issue is now moot.

For the reasons stated the decision of the trial court is affirmed.

Affirmed.

ROBBINS, J., agrees. ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I reluctantly concur in the affirmance of the chancellor's decision placing custody of these two children with appellee. The law is well-settled on the question before us. As in all custody cases, the primary consideration is the welfare and best interests of the children involved; all other considerations are secondary. *Hoing* v. *Hoing*, 28 Ark. App. 340, 775 S.W.2d 81 (1989). In keeping with this standard, custody decisions must be based on the particular facts and circumstances of each case. Thus, hard and fast rules are particularly inappropriate in custody cases. *Kerby* v. *Kerby*, 31 Ark. App. 260, 792 S.W.2d 364 (1990). And, custody awards are not made or changed to gratify the desires of either parent, or to reward or punish either of them. *Bennett* v. *Hollowell*, 31 Ark. App. 209, 792 S.W.2d 338 (1990).

A fair reading of the chancellor's memorandum opinion reflects a decided emphasis on the appellant's lifestyle. In truth, the chancellor's own condemnation of appellant's sexual preference is apparent from his written word. In fact, however, the chancellor focused on the relative faults of both parties. It is because of the comparative reasoning employed by the chancellor and its disparaging tone that I have some hesitation in affirming the decision. Such reasoning comes perilously close to basing a decision on punitive grounds instead of properly focusing on the welfare and emotional well-being of the children. Nevertheless, upon my review, I am not convinced that the chancellor allowed any one circumstance to overshadow his ultimate determination that the best interest of the children favored a change of custody. The record reveals that both parties at times exhibited what the chancellor characterized as poor judgment and irresponsible behavior. Yet, it was for the chancellor to decide which parent should maintain custody of the children. We have often recognized that there is no case in which greater deference should be given the chancellor's position, ability, and opportunity to see and evaluate the evidence than those involving the welfare of minor children. *Respalie* v. *Respalie*, 25 Ark. App. 254, 756

S.W.2d 928 (1988). Out of deference to the chancellor, and because the chancellor specifically stated that the true substantive issue involved was the best interest of the children, I am in agreement that the decision is not clearly erroneous.