George William THOMPSON *v.* Melinda B. THOMPSON

CA 98-80                                    974 S.W.2d 494

Court of Appeals of Arkansas
Division II
Opinion delivered September 23, 1998

*Gunn, Sexton, Canova & Platt*, by: *Jane Watson Sexton*, for appellant.

*Law Office of Curtis E. Hogue,* by: Curtis E. Hogue, for appellee.

JOHN MAUZY PITTMAN, Judge. The parties in this child-custody case entered into an agreement, approved by the court, providing for joint custody of the parties' two-year-old child with physical custody alternating on a week-to-week basis. Within two months' time, the agreement had become unworkable, and appellee filed a petition to change custody. After a hearing, the chancellor found that a material change in circumstances had occurred and that it was in the child's best interest to vest full custody in the appellee. Appellant was granted liberal visitation comprising one-half of the child's free time until the child enters kindergarten, and was ordered to pay child support in the amount of $95.00 per week. From that decision, comes this appeal.

For reversal, appellant contends that the chancellor erred in finding a material change in circumstances, in finding that it would be in the child's best interest to grant custody to appellee rather than to appellant, and in ordering appellant to pay child support of $95.00 per week in the absence of any proof of appellant's income.

■■ Appellant's first two arguments are directed to the sufficiency of the evidence to support the chancellor's findings. In chancery cases, we review the evidence *de novo,* but we do not reverse the findings of the chancellor unless it is shown that they are clearly contrary to the preponderance of the evidence. *Thigpen v. Carpenter,* 21 Ark. App. 194, 730 S.W.2d 510 (1987). In child-custody cases, we give special deference to the superior position of the chancellor to evaluate the witnesses, their testimony, and the child's best interest. *Larson v. Larson,* 50 Ark. App. 158, 902 S.W.2d 254 (1995). In custody cases, the primary consideration is the welfare and best interest of the children involved; other considerations are secondary. *Id.*

■ We first address appellant's contention that the chancellor erred in finding a material change in circumstances. A material change in circumstances affecting the best interest of the child must be shown before a court may modify an order regarding child custody, and the party seeking modification has the burden

of showing such a change in circumstances. *Hepp v. Hepp*, 61 Ark. App. 240, 968 S.W.2d 62 (1998). Here, the parties testified that they had never adhered to the joint-custody schedule provided for in their agreement and the decree, but had instead alternated custody several times each week. Most significantly, the record shows that the parties could not or would not cooperate regarding the child's health care. Appellant made an appointment for the child to be seen by an allergist; appellee canceled the appointment without notice to appellant. Without consulting appellant, appellee then made a new appointment with a different physician whose competence was questioned by appellant. This failure to cooperate regarding health care was also evident with regard to the child's inoculations; it appears that appellee failed to provide requested inoculation records to appellant, who ignored appellee's oral assurances that the child's inoculations were up to date. Appellant telephoned appellee from the health clinic and informed her that he was there to have the child inoculated; appellee told appellant that this was unnecessary and began cursing. Appellant nevertheless proceeded to have unnecessary inoculations administered to the child. Further unnecessary inoculations would have been administered had appellee not appeared at the clinic with the inoculation records in time to prevent them.

Joint custody or equally divided custody of minor children is not favored in Arkansas unless circumstances clearly warrant such action. *Drewry v. Drewry*, 3 Ark. App. 97, 622 S.W.2d 206 (1981). The mutual ability of the parties to cooperate in reaching shared decisions in matters affecting the child's welfare is a crucial factor bearing on the propriety of an award of joint custody, and such an award is improper where cooperation between the parents is lacking. 24 AM. JUR. 2d *Divorce and Separation* § 990 (1983). We have reversed awards of joint custody where it was clear that the parties were not working in concert to raise the child. *Hansen v. Hansen*, 11 Ark. App. 104, 666 S.W.2d 726 (1984). In the case at bar it is clear that the parties have fallen into such discord that they are unable to cooperate in sharing the physical care of the child, and we hold that the chancellor did not err in finding that this constituted a material change in circumstances affecting the child's best interest sufficient to warrant modification

of the joint-custody decree. *See* 2 Homer H. Clark, Jr., *The Law of Domestic Relations* § 20.9, at 554 (2d ed. 1987).

■ Next, appellant contends that the chancellor erred in awarding custody of the parties' child to the appellee because the evidence established that appellant had been the child's primary caretaker since the parties' divorce. We do not agree. First, we note that less than two months elapsed from the time of the parties' divorce to the filing of the petition to change custody. Second, although the fact that a parent had been the child's primary caretaker is relevant and worthy of consideration in determining which parent should be granted custody, *see Milum v. Milum,* 49 Ark. App. 3, 894 S.W.2d 611 (1995), it is not in and of itself determinative: the unyielding consideration in determining child custody is the welfare and best interest of the child. *Brown v. Cleveland,* 328 Ark. 73, 940 S.W.2d 876 (1997). Here, there was evidence that appellee was better positioned to be the child's primary caretaker at present than was the appellant: appellee testified that she had quit her job so as to be able to care for the child during the day, while appellant worked daytime hours and was not able to do so.

■ ■ Personal observation is of great value to a court that is called upon to choose between mother and father in a custody case. *See Holt v. Taylor,* 242 Ark. 292, 413 S.W.2d 52 (1967). Chancellors in such cases must utilize, to the fullest extent, all their powers of perception in evaluating the witnesses, their testimony, and the best interests of the children. We know of no cases in which the superior position, ability, and opportunity of the chancellor to observe the parties carry as much weight as those cases involving minor children. *Riddle v. Riddle,* 28 Ark. App. 344, 775 S.W.2d 513 (1989). Giving proper deference to the chancellor's superior opportunity to observe the parties, we cannot say that he erred in awarding custody to the appellee.

■ ■ Finally, appellant contends that the chancellor erred in ordering him to pay child support in the amount of $95.00 per week. We agree. Although the amount of child support a chancery court awards lies within the sound discretion of the chancellor and will not be disturbed on appeal absent an abuse

of discretion, reference to the family-support chart is mandatory. *Anderson v. Anderson*, 60 Ark. 221, 963 S.W.2d 604 (1998). The chart itself establishes a rebuttable presumption of the appropriate amount of child support to be paid by the noncustodial parent, which can only be disregarded if the chancery court makes express findings of fact stating why the amount of child support set forth in the support chart is unjust or inappropriate. *Id.* Here, there was no evidence of appellant's income. The absence of evidence of income makes it impossible to reference the family-support chart. Because a determination of appellant's income and reference to the support chart are necessary before we can determine whether the presumptive amount is, as appellant argues, unjust or inappropriate, we reverse the chancellor's order of child support and remand for further proceedings to determine the propriety of (and, if necessary, amount of) child support.

Affirmed in part; reversed and remanded in part.

ROGERS and GRIFFEN, JJ., agree.