Patsy Rena SWADLEY *v.* Paul Andrew KRUGLER

CA 99-259                                                999 S.W.2d 209

Court of Appeals of Arkansas
Division IV
Opinion delivered September 22, 1999

*J. Robin Pace*, for appellant.

*Johnnie Emberton Rhoads*, for appellee.

OLLY NEAL, Judge. Appellant Patsy Swadley appeals the decision of the chancellor awarding permanent custody of the parties' two children to appellee, Paul Krugler. Her points on appeal are: 1) the trial court erred in not qualifying Dina C. Williams as an expert on sexual-abuse issues; 2) that based on the doctrine of *res judicata* and collateral estoppel, the trial court erred in allowing evidence of previous sexual-abuse examinations performed on one of the parties' children prior to the date of the last hearing; and 3) there was not sufficient evidence to support the trial court's finding that a material change in circumstances had occurred to modify the last custody order.

After a hearing conducted on March 12, 1998, the Benton County Chancery Court entered an order of modification on May 26, 1998, and awarded custody of the parties' minor children to appellant. Appellee was given visitation and ordered to pay child support. On July 13, 1998, appellee filed a motion to modify custody alleging that appellant had made consistent allegations of sexual and physical abuse against him and that appellant had subjected at least one of the parties' children to a rape-examination kit and repeated medical examinations. Appellant filed a response to the motion to modify custody on July 23, 1998. She alleged that the motion made allegations to events that happened prior to the May 26 order and, therefore, was barred by the doctrine of *res judicata* and collateral estoppel. Appellant further denied that she had made any improper allegations since the May 26 order. It should be noted that the May 26, 1998, order stemmed from the modification of custody hearing held March 12, 1998.

On August 24, 1998, a hearing was held on appellee's motion to modify custody. Lori Joslin of the Arkansas Department of Human Services (DHS) testified that she had interviewed

one of the parties' children for allegations of sexual abuse. Ms. Joslin testified that within the last year, DHS had four unsubstantiated sexual-abuse allegations regarding the child. She further testified that a fifth investigation was pending at the time of trial, and that, during her interview with the child in that investigation, the child made no disclosure of sexual abuse. Daryl Briggs, a detective with the Rogers Police Department, testified that he had received reports on or near June 15, 1998, and July 6, 1998, regarding allegations of sexual abuse involving the parties' child. He testified that appellee was the alleged perpetrator. Briggs testified, however, that the child did not disclose any evidence of sexual abuse during a June 16 interview session and that he did not open an investigative report on the July 6 sexual-abuse allegation against appellee. He further testified that he became aware that the Children's Safety Center had performed a colposcope examination on the child on June 26, 1998, which was found to be negative.

Dina C. Williams was called to testify as an expert witness on behalf of appellant. She stated that she held master's degrees in both Social Work and Criminal Justice. Ms. Williams testified that she had attended a one-year internship at a child sexual-abuse treatment program in Little Rock and that she had worked for two years at the Ozark Guidance Center's family-outreach-services program to assist sexually abused children and their parents. She stated that she has dealt with sexual-abuse issues for twenty-four years in her professional work. At trial, the parties stipulated that Ms. Williams was a licensed certified social worker. However, appellee's counsel objected to Ms. Williams's testimony regarding hearsay statements by the child. Appellee argued that Ms. Williams was not a licensed psychologist and that the child-abuse courses taken by Ms. Williams did not establish her as an expert in child sexual-abuse cases. Instead, appellee argued that Ms. Williams's training involved areas that were not related to the present case. The trial court sustained appellee's objection.

At the end of trial, the chancellor entered an order on September 28, 1998, which found that there was a material change of circumstances since the entry of the last order to warrant change of custody of the parties' children from appellant to appellee.

Appellant first argues that the trial court erred in not allowing Dina Williams to be qualified as an expert witness on matters pertaining to Ms. Williams's counseling session with the minor child on the issue of sexual abuse.

■ ■ Under Rule 702 of the Arkansas Rules of Evidence, the test for admissibility of expert testimony is whether specialized knowledge will aid the trier of fact in understanding the evidence or in determining a fact in issue. *Mearns v. Mearns*, 58 Ark. App. 42, 946 Ark. S.W.2d 188 (1997). Whether to allow a witness to give expert testimony rests largely within the sound discretion of the trial court, and that determination will not be reversed absent an abuse of that discretion. *Id.*

Appellant presented Ms. Williams as an expert on child sexual-abuse examinations. Ms. Williams was also presented to the trial court as the minor child's counselor due to her assessment of the child regarding sexual-abuse allegations against appellee. However, when Ms. Williams began to offer her testimony regarding statements made by the child, the trial court refused to qualify her as an expert witness.

■ In this case, appellant made no proffer to the record as to what Ms. Williams would have stated in regard to any disclosures of sexual abuse by the parties' child, as required by Ark. R. Evid. 103(a)(2) to preserve the trial court's decision for appeal. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so the appellate court can review the decision, unless the substance of the evidence is apparent from the context. *Tauber v. State*, 324 Ark. 47, 919 S.W.2d 196 (1996).

Appellant next argues that, based upon the doctrines of *res judicata* and collateral estoppel, the trial court erred in allowing evidence prior to the previous hearing in this case on March 12, 1998. She argues that Ms. Joslin of DHS did not establish a time frame as to when her investigations of sexual abuse against appellee had taken place.

■ While the primary consideration in a change-of-custody suit is the welfare and best interest of the child, an order changing custody cannot be made without proof showing a

change in circumstances from those existing at the time the original order was made. *Fitzgerald v. Fitzgerald*, 63 Ark. App. 254, 976 S.W.2d 956 (1998). *Res judicata*, or claim preclusion, bars the relitigation of issues that were actually litigated or that could have been litigated in the first suit. *Moon v. Marquez*, 65 Ark. App. 78, 986 S.W.2d 103 (1999). Collateral estoppel, or issue preclusion, bars relitigation of issues of law or fact actually litigated by parties in the first suit. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 987 S.W.2d 755 (1999).

■ In this case, however, appellant has not set forth in her assignment of error that the trial court considered any evidence of sexual-abuse allegations that occurred prior to the date of the last hearing. During cross-examination, Ms. Joslin testified that she had first interviewed the child regarding sexual-abuse allegations one year ago. However, Ms. Joslin testified that the child revealed no signs of child abuse during her last interview with the child, which was conducted one month prior to the final hearing. Further, the record shows that three child-maltreatment determinations dated from June 17, 1998, to July 2, 1998, all revealed that no credible evidence of child maltreatment existed toward the parties' child. It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Martin v. State*, 337 Ark. 451, 989 S.W.2d 908 (1999).

Finally, appellant argues that there was insufficient evidence presented to the trial court to modify custody in favor of appellee.

■ In chancery cases, the appellate court reviews the evidence *de novo* but does not reverse the findings of the chancellor unless it is shown that they are clearly contrary to the preponderance of the evidence. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1998). The appellate court gives due deference to the superior position of the chancellor to view and judge the credibility of the witnesses. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). A heavier burden is placed on a chancellor in child-custody cases to utilize, to the fullest extent, all of his powers of perception in evaluating the witnesses, their testimony, and the child's best interests. *Freshour v. West*, 61 Ark. App. 60, 962

S.W.2d 840 (1998). A material change in circumstances affecting the best interest of the child must be shown before a court may modify an order regarding child custody. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1998). The party seeking modification has the burden of showing such a change in circumstances. *Campbell v. Campbell*, 336 Ark. 379, 985 S.W.2d 724 (1999).

■■■ Upon *de novo* review, the evidence showed that no substantiated case of sexual abuse was ever filed against appellee. This was evidenced by three unsubstantiated child-maltreatment determinations filed by DHS and several rape-kit examinations performed on the child since the March 12 hearing. Medical reports dated June 10, 1998, June 26, 1998, and July 4, 1998, indicated that a physical examination had been performed on the child, yet no positive findings of sexual abuse were made. In an order filed September 28, 1998, the chancellor found that there had been a material change of circumstances since the May 26, 1998, order, which stemmed from the March 12 hearing, due to appellant's repeated and unfounded accusations against appellee of sexual abuse toward the parties' child.

In view of the evidence presented in this case and our standard of review, we cannot say that the chancellor's findings were clearly against the preponderance of the evidence.

Affirmed.

JENNINGS and GRIFFEN, JJ., agree.