Scott E. FRIEDRICH
*v.* Julie A. Friedrich BEVIS

CA 99-720                                    9 S.W.3d 556

Court of Appeals of Arkansas
Division IV
Opinion delivered January 19, 2000

*Boyer, Schrantz, Rhoads & Teague, PLC,* by: *Johnnie Emberton Rhoads,* for appellant.

*Reeves & Karren, P.A., Samuel M. Reeves,* for appellee.

ANDREE LAYTON ROAF, Judge. This case involves the relocation out-of-state by a custodial parent. The noncustodial parent, appellant Scott E. Friedrich (Friedrich), appeals from the chancellor's denial of his motion to restrain his ex-wife, appellee Julie A. Friedrich Bevis (Bevis), from moving the parties' two minor children from Benton County, Arkansas to Texas. On appeal, Friedrich contends that the chancellor erred in 1) denying his motion to restrain Bevis from moving to Texas with the children; 2) denying his motion to change custody to him; and 3) requiring him to bear all the transportation costs associated with his visitation. We agree that the chancellor erred only with respect to the allocation of the costs associated with Scott's exercise of visitation rights, and affirm as modified.

Scott Friedrich and Julie Friedrich Bevis were married in 1988 and were divorced in June, 1993. The divorce decree awarded custody of their two minor children, Justin, aged five, and Amanda, aged three, to Bevis and specified visitation rights to Friedrich. Between the divorce in 1993 and the motion to restrain Bevis's relocation to Texas filed by Friedrich in January 1999, the parties were before the chancellor with visitation disputes on several occasions in 1996, 1997, and 1998. The chancellor found Bevis in willful contempt of court for denial of visitation in May 1997. Friedrich filed another motion for contempt for denial of visitation which was heard in October 1997. He subsequently sought and was awarded expanded visitation of every other weekend from Thursday evening to Sunday evening in October 1998, three months prior to Bevis's proposed move.

In his motion for a restraining order filed January 29, 1999, Friedrich alleged that Bevis and her husband had voluntarily quit their jobs with salaries totaling $99,000 and were moving to the Dallas, Texas area; that Bevis's husband did not yet have a job; and that Bevis notified him on January 25, 1999, that she was moving with the children to Texas on February 7, 1999. Friedrich alleged that Bevis's actions were a further attempt to deny him a normal parent-child relationship with the parties' two children and asked the court to enjoin Bevis from removing their children from Arkansas until the matter could be heard. Friedrich filed an amended petition on February 3, 1999, in which he requested, as an alternative, a change in custody. After a hearing held on February 4, 1999, the trial court denied Friedrich's motion for restraining order, awarded him summer and holiday visitation in addition to regular visitation of every other weekend, and required Friedrich to be responsible for all transportation costs associated with his visitation, except for the summer-visitation transportation costs, which were to be divided between the parties. Friedrich appeals from this order.

■ We review chancery cases *de novo*, but do not reverse the findings of the chancellor unless they are clearly contrary to the preponderance of the evidence. *Swadley v. Krugler*, 67 Ark. App. 297, 999 S.W.2d 209 (1999). Moreover, we give special deference to the superior position of the chancellor to evaluate the witnesses, their testimony, and the child's best interests. *Presley v. Presley*, 66 Ark. App. 316, 989 S.W.2d 938 (1999). The best interests of the child remains the ultimate objective in resolving child custody and

related matters. *Staab v. Hurst*, 44 Ark. App. 128, 868 S.W.2d 517 (1994).

In *Staab*, a case that also involved relocation by a custodial parent to Texas, this court adopted the following factors to be considered by the chancellor when a custodial parent seeks to move with the parties' children to a place so geographically distant as to render weekly visitation impossible and impractical:

> Where the non-custodial parent objects to the move, the custodial parent should have the burden of first demonstrating that some real advantage will result to the family unit from the move  . . . Where the custodial parent meets this threshold burden, the court should then consider a number of factors in order to accommodate the compelling interests of all the family members. These factors should include: (1) the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the children; (2) the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the non-custodial parent; (3) whether the custodial parent is likely to comply with the substitute visitation orders; (4) the integrity of the non-custodial parent's motives in resisting the removal; and (5) whether, if removal is allowed, there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for pre-serving and fostering the parent relationship with the non-custo-dial parent.

Friedrich contends on appeal that Bevis's proposed move to an area at least a twelve-hour round-trip drive from Benton County will make it virtually impossible for him to exercise his previously established weekly visitation of Thursday after school through Sunday, and that he will be unable to attend the children's sports events and other activities. He further contends that, when the *Staab* factors are considered, the evidence presented, coupled with the parties' history of visitation problems, does not support the trial court's decision to allow the move.

We cannot say from the record before us that the chancellor's decision was clearly erroneous. Bevis testified that she and her husband both quit their jobs at Sam's Club in Bentonville because she had obtained new employment in Argyle, Texas, a suburb of Dallas, and that the new job was a considerable move up for her

with a salary increase from $32,000 to $55,000 per year. She testified that her husband had a job pending, and that she had located a house in a nice area close to her new job and the children's new school. She stated that her former job with Sam's Club was highly stressful, required her to travel and to work on Saturdays, and that the new job would not require her to travel or work Saturdays. Bevis also testified that she would cooperate with Friedrich on a monthly basis to accommodate his exercise of weekend visitation and to allow him expanded visitation on those occasions when the children were out of school on Fridays or Mondays, for teacher's meetings and the like.

Based on the evidence before us, we cannot say that Bevis did not demonstrate that there was a real advantage to the family unit in the move, or that there will not be a realistic opportunity for Friedrich to visit with the children in lieu of the weekly pattern. Deferring as we must to the superior position of the chancellor to evaluate the witnesses and their testimony, we also cannot say that the parties' past problems with visitation are alone dispositive of the questions of the integrity of Bevis's motives for seeking the move or the likelihood of her compliance with visitation orders in the future.

Friedrich next argues that the trial court erred in denying his motion for change of custody. However, we do not address this argument because this motion was clearly not litigated or ruled on by the court. The motion for change of custody was filed one day before the hearing on Friedrich's motion for restraining order and emergency relief. At the commencement of the hearing, Bevis's counsel asked that the change of custody "be reserved because I just got that. It was filed yesterday." The trial court agreed, and stated that Bevis had "twenty days to answer." The order entered as a result of the hearing of February 4, 1999, merely denied Friedrich's motion for restraining order and emergency relief and set an amended visitation schedule. It is well settled that appellate courts will not consider an issue that was not decided by the trial court. *Cordell v. Nadeau*, 321 Ark. 300, 900 S.W.2d 556 (1995).

Finally, Friedrich argues that the trial court erred in requiring him to bear all the costs of transporting the children when he exercises his visitation rights, particularly where the additional expense is necessitated by Bevis's voluntary removal of the children

from the state. Friedrich contends that he should be allowed a reduction of his child support or, in the alternative, that Bevis should be required to pay one-half of the transportation costs associated with all of his visitation.

■ We agree that the trial court should have required Bevis to bear one-half the transportation costs under the circumstances of this case. Bevis's new job resulted in a $23,000-a-year raise in pay, and the move was wholly voluntary. In *Wilson v. Wilson*, 67 Ark. App. 48, 991 S.W.2d 647 (1999), this court affirmed the chancellor's decision to allow the appellee to move with the parties' children to California, and found that the fifth factor to be considered by the chancellor as set forth in *Staab, supra*, was advanced by the chancellor's award of expanded visitation, division of transportation costs to and from visitation, suspension of appellant's obligation to pay support during his summer visitation, and allowing the parties to expand visitation if they so agreed. Here, the chancellor made no such provisions to foster Friedrich's relationship with his children. In *Coder v. Coder*, 226 Ark. 478, 290 S.W.2d 628 (1956), the supreme court modified a chancellor's decree that required the appellant to pay all of the travel expenses for his son to travel from California to Arkansas and return, providing instead that the travel obligation be divided between the parties.

Accordingly, the trial court's order is modified to provide that the parties share equally the obligation to provide visitation transportation and, as so modified, it is affirmed. The trial court is directed to enter an order in conformity with this opinion.

Affirmed as modified.

MEADS and GRIFFEN, JJ., agree.