Nathanel WAGNER *v.* Angelique WAGNER

CA 00-1244                                      45 S.W.3d 852

Court of Appeals of Arkansas
Division I
Opinion delivered June 6, 2001

*King Benson*, for appellant.

*Mooney Law Firm, P.A.*, by: *Christopher R. Thyer*, for appellee.

TERRY CRABTREE, Judge. The appellant, Nathanael Wagner, appeals from an order of the Craighead County Chancery Court granting the appellee, Angelique Wagner, permission to move from Jonesboro, Arkansas, to Naples, Florida, with the parties' minor child. On appeal, appellant alleges that the chancellor erred in granting appellee's motion to relocate with their minor child to Naples, Florida. We affirm.

On July 18, 1996, the parties were divorced by decree of the Craighead County Chancery Court. Appellee was granted custody of the parties' minor child, Sierra Danielle Wagner, born on September 23, 1991, during the parties' marriage. Appellant was awarded visitation and ordered to pay child support. On July 31, 1998, appellant filed for a modification of child custody. On July 12, 1999, an agreed order was entered which granted appellant

additional visitation by allowing him one weeknight of overnight visitation. Custody remained with appellee.

On October 12, 1999, appellee filed a motion requesting permission to relocate with the minor child to Naples, Florida. Appellee stated in her petition that she had a job opportunity in Florida, and as such it was in the best interest of the child to allow the relocation. Appellant answered the motion and objected to appellee's proposed relocation. Appellant stated that appellee's desire to relocate was motivated by her desire to limit his visitation. On October 28, 1999, appellant filed a petition to change custody. On November 9, 1999, appellee filed an answer to appellant's petition to change custody, and on November 19, 1999, appellee filed an amended answer, which affirmatively requested an increase in child support.

On August 15, 2000, an order was entered in which the chancellor ruled as follows: 1) he granted appellee's motion to relocate with the parties' minor child to Naples, Florida, and awarded appellant visitation with the child each school spring break, one-half of the Christmas break, and extended summer visitation, including having the child every summer from one week after school is out until one week before school commences with the exception that appellee is entitled to one week during this time for vacation, and all other reasonable visitation; 2) he denied appellant's petition to change custody; 3) he granted appellee's motion to increase child support; and 4) he granted appellee attorney's fees in the amount of $750 in defending the change-of-custody petition. It is from this order that appellant brings this appeal.

■■ In chancery cases we review the case de novo, but we do not reverse the findings of the chancellor unless it is shown that they are clearly erroneous or clearly against the preponderance of the evidence. *Presley v. Presley*, 66 Ark. App. 316, 989 S.W.2d 938 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite conviction that a mistake was committed. *Turner v. Benson*, 59 Ark. App. 108, 953 S.W.2d 596 (1997). In child-custody cases we give special deference to the chancellor's position to evaluate what is in the best interests of the child. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1998). The best interests of the child remains the ultimate objective in resolving child custody and related matters. *Staab v. Hurst*, 44 Ark. App. 128, 868 S.W.2d 517 (1994).

■ ■ In *Staab v. Hurst, supra,* this court set forth five factors that should be considered in determining whether to allow a custodial parent to move from the state of the noncustodial parent. These factors are:

> (1) the prospective advantages of the move in terms of its likely capacity for improving the general quality of life for both the custodial parent and the children; (2) the integrity of the motives of the custodial parent in seeking the move in order to determine whether the removal is inspired primarily by the desire to defeat or frustrate visitation by the non-custodial parent; (3) whether the custodial parent is likely to comply with substitute visitation orders; (4) the integrity of the non-custodial parent's motives in resisting the removal; and (5) whether, if removal is allowed, there will be a realistic opportunity for visitation in lieu of the weekly pattern which can provide an adequate basis for preserving and fostering the parent relationship with the non-custodial parent.

*Id.* Before a chancellor is to consider the *Staab* factors, the custodial parent bears the threshold burden to prove some real advantage to the children and himself or herself in the move. *Wilson v. Wilson,* 67 Ark. App. 48, 991 S.W.2d 48 (1999).

■ On the threshold question, appellant argues that appellee failed to prove any real advantage to their minor child for appellee to move to Florida. Appellee testified that she wants to move to Naples, Florida, because she has been offered a job as manager of a dry-cleaning business owned by her mother. This job would pay her ten dollars per hour, almost doubling her current income. Appellee also testified that she intends to enroll at Edison Community College in Naples, Florida, where she would take courses to become a dental hygienist. We hold that the fact that appellee would have a job making almost twice as much income as she is currently making taken together with the educational opportunity is enough to show that the chancellor was not clearly erroneous in finding that the move would have a real advantage for appellee and the child.

■ As for the first *Staab* factor, appellee, testified that along with almost doubling her income, the job in Florida would allow her more time to spend with her child. Appellee, or appellee's mother, would care for the child during after-school hours, thus the child will no longer have to go to day-care. Appellee's mother

testified that appellee would be given bonuses based on performance, and would be given the opportunity to own the dry-cleaning business. Appellee's mother has further offered to arrange appellee's work schedule around appellee's school, and the child's school, allowing appellee the opportunity to attend college, and to spend more time with her child. There was ample evidence supporting the chancellor's conclusion that the relocation would be a resulting advantage, and that both appellee's life, and that of the child, would be improved with the move.

As for the second factor, appellant argues that the chancellor erred in his finding that the motives of the appellee were not inspired by the desire to defeat or frustrate appellant's visitation. Appellant points to the fact that appellee filed her motion to relocate three months after an order was entered expanding his visitation to include one weeknight of overnight visitation. Appellant also points out that appellee testified that she wants to move to Florida to get away from appellant. We cannot say that the parties' past problems with visitation are alone dispositive of the questions of the integrity of appellee's motives for seeking the move. *See Friedrich v. Bevis*, 69 Ark. App. 56, 9 S.W.3d 556 (2000). As such we must defer to the superior position of the chancellor to evaluate the witnesses and their testimony. *See id.* Thus, we find no error.

As for the third factor, the chancellor found that appellee will likely comply with the substitute visitation order. There was no evidence that appellee has ever interfered with any court orders, including visitation orders.

As for the fourth factor, the chancellor found that appellant's motives in resisting the move were reasonable and not inspired by any desire to prevent appellee from progressing or enjoying an improvement in her quality of life. Appellant stated that he opposes the child moving to Florida, because the child has always lived in Jonesboro, the child has always lived close to him and his family, and because the move would separate the child from him. As such, we find no error with respect to this factor.

With respect to the fifth factor, the chancellor properly awarded appellant extended summer visitation, one-half Christmas visitation, spring break visitation, and all other reasonable visitation. He further ordered that the costs of transportation be shared equally between the parties for the specific visitation periods noted, with appellant being responsible for all costs incurred in

exercising other visitation, and appellee being responsible for transportation should she exercise the one week vacation period during the summer. Giving due regard to the factors presented in *Staab*, we find that the chancellor's decision to allow appellee to move with the parties' child to Florida was not clearly against the preponderance of the evidence.

Affirmed.

STROUD, C.J., and HART, J., agree.