Carmen GRAY *v.* Karl GRAY

CA 06-63                                    239 S.W.3d 26

Court of Appeals of Arkansas
Opinion delivered September 13, 2006

*James Law Firm*, by: *Patricia A. James*, for appellant.

*Amy Blackwood*, for appellee.

LARRY D. VAUGHT, Judge. This case involves a child-custody dispute between parents who shared legal and physical joint custody of their three children. Appellant Carmen Gray appeals from an order of the Pulaski County Circuit Court specifically finding that there was no material change in circumstances to require a change of custody. The court decided to continue joint-legal custody in both parents but changed physical custody to appellee Karl Gray during the school year. On appeal, Carmen argues that the trial court erred in finding that there was no material change in circumstances to warrant a change of custody. We agree and reverse and remand.

Following their divorce in 2002, Carmen and Karl Gray were awarded joint custody of their three children. They shared a week on/week off visitation schedule that allowed the children to remain in the same school district and daycare facility. In September 2004, Carmen moved to Missouri to live with her parents due to financial problems, and the children stayed with Karl.

Complications arose because of Carmen's relocation. Although Carmen continued to see her children, her time with them was reduced from the previous arrangement due to the fact that the children were in school in Arkansas, and Carmen now lived in another state. When she was able to see the children, Carmen drove eight hours round-trip to pick them up and return them. She testified that, following the move, she was no longer allowed to participate in decisions regarding the children and that Karl made important changes without consulting her, including decisions about the children's extracurricular activities and daycare.

In December 2004, Karl filed a motion seeking sole-legal custody based primarily on Carmen's relocation to Missouri. She responded with a counterclaim asking for sole-legal custody. Both parties alleged that Carmen's move constituted a material change in circumstances that required a change in custody. On August 8, 2005, the trial court held a hearing on the motions and determined that neither party had shown a material change in circumstances to warrant a change of joint-legal custody to sole-legal custody. However, the trial court amended the initial custody arrangement to allow the parties to continue joint-legal custody but to designate Karl as primary custodian for purposes of school attendance, stating

that "true joint physical custody is not possible given the logistics" of Carmen's move.

Carmen now appeals from the trial court's order and contends that the court clearly erred in finding that no material change in circumstances had occurred and requesting that we award her full custody of her three children.

In child custody cases, we review the evidence de novo, but we will not reverse the findings of the court unless it is shown that they are clearly contrary to the preponderance of the evidence. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1998). We also give special deference to the superior position of the trial court to evaluate and judge the credibility of the witnesses in child custody cases. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). We have often stated that we know of no cases in which the superior position, ability, and opportunity of the trial court to observe the parties carry as great a weight as those involving children. *Mason v. Mason*, 82 Ark. App. 133, 111 S.W.3d 855 (2003). A finding is clearly against the preponderance of the evidence, when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Mason*, 82 Ark. App. at 140, 111 S.W.3d at 859.

Arkansas law is well settled that a judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree would be in the best interests of the children. *Campbell v. Campbell*, 336 Ark. 379, 985 S.W.2d 724 (1999). Although the trial court retains continuing power over the matter of child custody after the initial award, the original decree is a final adjudication of the proper person to have care and custody of the child, and before that order can be changed, there must be proof of material facts that were unknown to the court at that time, or proof that the conditions have so materially changed as to warrant modification and that the best interest of the child requires it. *Word v. Remick*, 75 Ark. App. 390, 58 S.W.3d 422 (2001).

Joint custody or equally divided custody of minor children is not favored in Arkansas unless circumstances clearly warrant such action. *Thompson*, 63 Ark. App. at 92, 974 S.W.2d at 496. The mutual ability of the parties to cooperate in reaching shared decisions in matters affecting the child's welfare is a crucial factor bearing on the propriety of an award of joint custody, and such an

award is reversible error where cooperation between the parents is lacking. *Remick*, 75 Ark. App. at 395-96, 58 S.W.3d at 426.

In *Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681 (2002), divorced parents of two children shared joint-legal and joint-physical custody of their two children alternating physical custody on a month-to-month basis. After the mother remarried, she petitioned the court for sole custody of the children so she could move a couple of hours away to take a new job. The father counterclaimed seeking custody of both children. The trial court found that a material change in circumstances had occurred due to the mother's remarriage and move, and it granted sole custody of the children to the father and gave the mother standard visitation. Our supreme court held that the trial court had not erred and stated that "[w]e have no doubt that a material change in circumstances has occurred." The court made it clear that joint-custody-relocation cases are different from custodial-parent-relocation cases, stating:

> Amanda's first contention on appeal is that there was no material change in circumstances from the time of the divorce decree sufficient to set aside joint custody in the parents and to place sole custody in Tim. She argues, as a specific matter, that her relocation, standing alone, cannot constitute a material change in circumstances. For authority, she cites the court to *Jones v. Jones*, 326 Ark. 481, 931 S.W.2d 767 (1996). *See also Gerot v. Gerot*, 76 Ark. App. 138, 145-46, 61 S.W.3d 890, 896 (2001) ("[R]elocating in order to obtain better employment itself does not constitute a material change in circumstances."); *Hollinger v. Hollinger*, 65 Ark. App. 110, 986 S.W.2d 105 (1999) (holding that the combined effect of the mother's move, the desires of the children to stay in their original location, and the long passage of time between the divorce decree and the modification, amounted to a material change in circumstances.).

> The problem with Amanda's case authority is that the *Jones* case did not involve joint custody in the parents where physical custody alternated on a month-to-month basis. Indeed, the *Jones-Gerot-Hollinger* line of cases all involved mothers with sole custody of a child or children who sought to relocate. That is not what we have in the case at hand. Here, both parents had custody, and each parent petitioned for sole custody, with Amanda being the parent who wished to relocate.

*Lewellyn*, 351 Ark. at 356, 93 S.W.3d at 686-87.[1] The court concluded that because of the remarriage and relocation, the parties' ability to cooperate and share actual physical custody of the children had eroded to the point that the trial court was correct in finding a material change in circumstances.

In the present case, the parties shared a type of joint custody — true shared legal and physical custody — that was impossible to maintain once Carmen moved several hundred miles away. In addition, Carmen complained that Karl failed to include her in decisions relating to the children, a requirement of their prior custody order. Our case law makes it clear that a joint-custody arrangement requires cooperation by both parents, *see Remick*, 75 Ark. App. at 395-96, 58 S.W.3d at 426, and that an award of joint custody where cooperation is lacking is reversible error. Moreover, both parents agreed that Carmen's relocation materially altered their ability to share joint custody of the children.

█ This case involved a true joint-custody arrangement, where each parent shared legal and physical custody of the children equally. Once one parent relocated outside of the general area and the parents could no longer cooperate in jointly raising the children, it was clear error for the trial court to find that a material change in circumstances did not exist requiring a change of custody. We, therefore, reverse and remand this case to the trial court to award custody based on its determination of the best interests of the children.

Reversed and remanded.

HART and NEAL, JJ., agree.

---

[1] For this same reason, *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003), does not apply to this case. In *Hollandsworth*, one parent had sole-physical custody, and the supreme court held that the custodial parent's move could not in and of itself establish a material change in circumstances. *Id.* at 486-87, 109 S.W.3d at 664.