Carmen GRAY *v.* Karl GRAY

CA 07-584                                            269 S.W.3d 834

Court of Appeals of Arkansas
Opinion delivered December 12, 2007

*James Law Firm*, by: *Patricia A. James*, for appellant.

*Amy Blackwood*, for appellee.

LARRY D. VAUGHT, Judge. Appellant Carmen Gray appeals the trial court's order awarding appellee Karl Gray sole

custody of the parties' three minor children. We hold that the trial court's findings are not clearly against the weight of the evidence and affirm.

This is the second appeal of this child-custody case and, therefore, some factual and procedural background is necessary. Karl and Carmen were divorced in December 1999 and, at that time, Carmen had primary custody of their three children — Trevor, Katie, and Taylor.[1] In May of 2002, an order was entered awarding the parties "true joint legal and physical custody." The parties, who both lived in the central Arkansas area, exchanged the children on a weekly basis. Despite the weekly exchange, the children remained in the same school district and daycare facility.

In September 2004, Carmen moved to Missouri to live with her parents due to financial problems. The children stayed with Karl. Although Carmen continued to see her children after her relocation, her time with them was reduced. To see the children, Carmen drove eight hours round-trip to pick them up and return them. She testified that, following the move, she was no longer allowed to participate in decisions regarding the children and that Karl made important changes without consulting her.

In December 2004, Karl filed a motion seeking sole legal custody based primarily on Carmen's relocation to Missouri. She responded with a counterclaim seeking sole legal custody. Both parties alleged that Carmen's move constituted a material change in circumstances that required a change in custody. On August 8, 2005, the trial court held a hearing on the motions and on December 12, 2005, entered an order finding that neither party had shown a material change in circumstances to warrant a change of joint legal custody to sole legal custody. While the trial court found that the parties were to continue the joint legal custody arrangement, it further found that Karl should be designated as the primary custodian for purposes of school attendance.

Carmen appealed to this court and contended that the trial court clearly erred in finding that no material change in circumstances had occurred and requested that we award her full custody of her three children. In an opinion handed down September 6, 2006, we reversed and remanded the case, holding that the joint legal and physical custody arrangement shared by the parties was

---

[1] At the time of the August 8, 2005, hearing, the children were fourteen, nine, and seven years old, respectively.

impossible to maintain once Carmen moved several hundred miles away; that cooperation by the parties was lacking after Carmen moved; and therefore it was clear error for the trial court to find that a material change in circumstances did not exist requiring a change of custody. *Gray v. Gray*, 96 Ark. App. 155, 239 S.W.3d 26 (2006). Further, we directed the trial court to award custody based on its determination of the best interests of the children. *Gray*, 96 Ark. App. at 159, 239 S.W.3d at 30.

On remand, the trial court entered an order on April 10, 2007, granting Karl's motion for a change of custody, finding that Carmen's move to Missouri constituted a material change of circumstances wherein the parties could no longer act as joint custodial parents. The trial court further found that:

> It is in the best interests of the three minor children that they remain with their father due to his stability, the fact that the children have always lived in Little Rock, attended the same school systems and because they do well in school. Further Trevor Gray testified that he wished to remain with his father and . . . that it is in the best interests of the children that they remain in the same household together and not be separated from one another.

Carmen appeals from the April 2007 order arguing only that the trial court erred in awarding Karl full custody of the parties' three minor children based upon its finding that it was in the best interest of the children.

In child custody cases, we review the evidence de novo, but we will not reverse the findings of the court unless it is shown that they are clearly contrary to the preponderance of the evidence. *Thompson v. Thompson*, 63 Ark. App. 89, 974 S.W.2d 494 (1998). We also give special deference to the superior position of the trial court to evaluate and judge the credibility of the witnesses in child-custody cases. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). We have often stated that we know of no cases in which the superior position, ability, and opportunity of the trial court to observe the parties carry as great a weight as those involving children. *Mason v. Mason*, 82 Ark. App. 133, 111 S.W.3d 855 (2003). A finding is clearly against the preponderance of the evidence when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Mason*, 82 Ark. App. at 140, 111 S.W.3d at 859. Finally, in child-custody cases, the primary consideration is

the welfare and best interests of the child involved; all other considerations are secondary. *Walker v. Torres*, 83 Ark. App. 135, 118 S.W.3d 148 (2003).

Carmen argues that the trial court's findings were clearly against the weight of the evidence because Karl interfered with her relationship with the children, he made unilateral decisions regarding the children, he did not share the children's school information with her, and he was not cooperative with transporting the children back and forth to Missouri. Carmen also points to evidence that the attorney ad litem concluded that it was in the best interests of Katie and Taylor to be in Carmen's custody and for Trevor to remain in Karl's custody. Carmen further alleges that Karl gathered the children to discuss the custody issue, used abusive and degrading language towards them, and maintained an inappropriate relationship with his girlfriend in the presence of the children.

Even when taking into consideration the arguments made by Carmen, we hold that there are other facts in this case that clearly support the trial court's findings on the issue of the best interests of the children. First and foremost, there was a substantial amount of evidence that the children, who have essentially been in the sole custody of Karl since Carmen moved, are doing well in school, at home, and in their extra-curricular activities. The children have a stable home environment as they have lived in the same home for more than five years. The children have a stable academic environment as they have all attended schools in the same school district or daycare facility, and the evidence was that they are performing well in school. The two older children, Katie and Trevor, have played on the same athletic teams for many years. Additionally, Trevor testified that he wanted to live with his father and that he did not want to be separated from his sisters.

In addition, other evidence reflects that Carmen lacks financial stability while Karl has exhibited financial stability. Both Carmen and Karl live with their parents. However, Carmen relies completely upon her parents for financial support, while Karl provides a significant amount of financial support for his children. Carmen has demonstrated an inability to hold down a job, while Karl has held the same job as an emergency-room nurse for at least the past five years. Finally, the evidence shows that Carmen also lacks the motivation to improve her perilous financial situation. She moved to Missouri in September 2004 to live with her parents,

but almost one year later she was still unemployed and had not yet attended any classes in an effort to obtain a vocational degree.

Therefore, based upon the standard of review and the facts presented in this case, we cannot say that the trial court's findings were clearly against the preponderance of the evidence. Accordingly, we affirm.

Affirmed.

MARSHALL and MILLER, JJ., agree.